WELCH, J.
 

 |2In this action for damages arising under the Jones Act, the plaintiff, Dusty Hutchison, appeals a judgment of the trial court dismissing his action as abandoned. For the reasons that follow, we reverse the judgment and remand for further proceedings.
 

 I. FACTUAL AND PROCEDURAL HISTORY
 

 Mr. Hutchison filed a seaman’s petition for damages on February 16, 2001, alleging that he was injured on April 2, 2000, while he was employed as a Jones Act seaman aboard the M/V S.R. Chicago, a vessel in navigation that is owned, operated, and/or controlled by the defendant, SeaRiver Maritime, Inc. (“SeaRiver”). On April 3, 2001, SeaRiver filed an answer generally denying the allegations of Mr. Hutchison’s petition. Thereafter, in 2001 and 2002, the parties conducted discovery, including depositions. Additionally, various motions related to discovery were filed in the record of these proceedings.
 

 On March 18, 2005, a scheduling order form was filed into the record. The scheduling order provided that the discovery cutoff date would be September 1, 2005, that the parties would exchange pretrial inserts by October 3, 2005, that the pretrial order would be due on October 10, 2005, and that the pretrial conference would be scheduled for October 14, 2005.
 

 On August 29, 2005, Hurricane Katrina struck southeastern Louisiana and devastated the New Orleans area. Since counsel for both parties had their offices located in New Orleans and were displaced from their offices due to Hurricane Katrina, on October 12, 2005, the parties filed a joint motion to indefinitely extend the deadlines previously established in the March 18, 2005 scheduling order.
 

 No other pleadings or filings appear in the record of this matter until October 16, 2008, when SeaRiver filed a motion to dismiss Mr. Hutchison’s action based on abandonment. Mr. Hutchison opposed the motion asserting that both parties |shad begun selecting dates to bring the matter to trial, that counsel for SeaRiver had offered to file a scheduling order with the court in September 2007, and that counsel for Mr. Hutchison provided SeaRiver with a signed proposed scheduling order in November 2007, but counsel for SeaRiver had failed to file the proposed scheduling order. Mr. Hutchison also asserted that his counsel had followed up on the scheduling order in March 2008, that additional written discovery was propounded on June 26, 2008, and that counsel for Mr. Hutchison
 
 *992
 
 again provided a proposed scheduling order to SeaRiver in July 2008.
 

 After a hearing on December 8, 2008, the trial court ruled as follows:
 

 [F]rom March 21, 2005, until June 28, 2008, a period in excess of three years, there were no steps in the prosecution of this matter, no other action took place. And the only thing that plaintiff relies upon are certain correspondences between counsel for plaintiff and counsel for defendant that are not formal discovery and, in my opinion, do not form the basis of sufficient action to interrupt the abandonment period under [La. C.C.P. art.] 561. So based upon my review of the record, the [c]ourt finds that as of March 21, 2008, the [three]-year abandonment!
 
 [1]
 
 ] period had passed with no action. Therefore, the [c]ourt is going to grant the motion to dismiss, dismissing plaintiffs suit, with prejudice, at plaintiffs costs.
 

 The trial court signed a judgment in conformity with its ruling on December 16, 2008. From this judgment, Mr. Hutchison now appeals.
 

 II. ASSIGNMENTS OF ERROR
 

 On appeal, Mr. Hutchison asserts that the trial court erred in: (1) granting SeaR-iver’s motion for dismissal based upon abandonment because he continually sought to move his case forward, in the method preferred by the trial court, and with the agreement of SeaRiver; and (2) holding that the applicable time period governing abandonment of cases necessarily delayed by Hurricanes Katrina and Rita is three years, instead of the five years set forth in La. C.C.P. art. 561.
 

 |4III. LAW AND DISCUSSION
 

 A. Standard of Review
 

 Whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis on appeal.
 
 Brown v. Kidney and Hypertension Associates, L.L.P.,
 
 2008-0919, p. 7 (La.App. 1st Cir.1/12/09), 5 So.3d 258, 264. On the other hand, whether a particular act, if proven, precludes abandonment is a question of law that we review by simply determining whether the trial court’s decision was legally correct.
 
 Id.; Compensation Specialties, L.L.C. v. New England Mutual Life Insurance Company,
 
 2008-1549, p. 4 (La.App. 1st Cir.2/13/09), 6 So.3d 275, 278,
 
 writ denied,
 
 2009-0575 (La.4/24/09), 7 So.3d 1200.
 

 B. Abandonment
 

 The controlling statutory provision in this case is La. C.C.P. art. 561, which provides in part:
 

 A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding!.]
 

 [[Image here]]
 

 (2) If a party whose action is declared or claimed to be abandoned proves that the failure to take a step in the prosecution or defense in the trial court or the failure to take any step in the prosecution or disposition of an appeal was caused by or was a direct result of Hur
 
 *993
 
 ricane Katrina or Rita, an action originally initiated by the filing of a pleading prior to August 26, 2005, which has not previously been abandoned in accordance with the provisions of Subpara-graph (1) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years, unless it is a succession proceeding^]
 

 [[Image here]]
 

 (3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. ...
 

 _k- • • •
 

 B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
 

 Louisiana Code of Civil Procedure article 561 has been construed as imposing three requirements on plaintiffs. First, plaintiffs must take some “step” towards prosecution of their lawsuit. In this context, a “step” is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice.
 
 [2]
 

 Clark v. State Farm Mutual Automobile Insurance Company,
 
 2000-3010, pp. 5-6 (La.5/15/01), 785 So.2d 779, 784. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by
 
 either party;
 
 sufficient action by either plaintiff or defendant will be deemed a step.
 
 Clark,
 
 2000-3010 at p. 6, 785 So.2d at 784.
 

 The jurisprudence has uniformly held that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiffs suit.
 
 Clark,
 
 2000-3010 at p. 8, 785 So.2d at 785. The purpose of La. C.C.P. art. 561 is to dismiss actions which have been abandoned, and the article provides for dismissal of those cases in which a plaintiffs inaction during a legislatively ordained period has clearly demonstrated his abandonment of the case. The article was not intended, however, to dismiss those cases in which a plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon the action.
 
 Clark,
 
 2000-3010 at pp. 8-9, 785 So.2d at 785-786. Appellate courts have declined to allow form to prevail over substance in determining whether an action has been abandoned, and our supreme court has likewise declined to allow suits to be |fidismissed as abandoned based on technical formalities.
 
 Clark,
 
 2000-3010 at p. 9, 785 So.2d at 786. Given that dismissal is the harshest of remedies, the general rule is that any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment.
 
 Clark,
 
 2000-3010 at p. 10, 785 So.2d at 787.
 

 With these principles in mind, we first evaluate whether the plaintiffs claim is abandoned based on the record. Prior to the October 16, 2008 filing of SeaRiver’s motion to dismiss Mr. Hutchison’s suit as abandoned, the last action
 
 in the record
 
 was the October 12, 2005 joint motion to extend the discovery and pre-trial dead
 
 *994
 
 lines that were previously established in this case. The trial court found, and we agree, that this motion was essentially a motion to continue (and not a motion to extend) because the motion sought an indefinite extension of the deadlines, did not request that the court set any new deadlines, and indicated that, at some point in the future, the parties would request new deadlines. A joint motion to continue without date or indefinitely is not considered a step in the prosecution of a case, since by its very nature, an
 
 indefinite
 
 continuance is not intended to hasten the matter to judgment.
 
 See Oliver v. Oliver,
 
 95-1026 (La.App. 3rd Cir.3/27/96), 671 So.2d 1081, 1090;
 
 c.f. Reed v. Finklestein,
 
 2001-1015, p. 6 (La.App. 4th Cir.1/16/02), 807 So.2d 1032, 1035,
 
 writ denied,
 
 2002-0550 (La.4/26/02), 814 So.2d 560 (opposing a motion to continue and/or filing a motion to continue to a date certain may be a step in the prosecution of a case because it evidences an intent of the parties to hasten the suit to judgment). Accordingly, in this case, we find that the joint motion to indefinitely extend or continue the deadlines previously established did not constitute a step in the prosecution of this case.
 

 The last action
 
 in the record
 
 prior to the joint motion to extend deadlines is the March 18, 2005 scheduling order. Both counsel and the trial court signed the |7scheduling order. The scheduling order contained a discovery cutoff date, the final dates to exchange pretrial inserts, and dates for the preparation and filing of the pretrial order — all formal steps in the case meant to hasten the matter to judgment.
 
 See Tessier v. Pratt,
 
 2008-1268, p. 7 (La.App. 1st Cir 2/13/09), 7 So.3d 768, 773. Accordingly, we find that the March 18, 2005 scheduling order was the last step in the prosecution of the case, appearing in the record before the October 16, 2008 motion to dismiss. And, since the motion to dismiss was filed more than three years from the March 18, 2005 scheduling order — the last step
 
 in the record
 
 of the prosecution of the case — this case
 
 appears
 
 to be abandoned.
 

 However, we must next determine whether a cause
 
 outside the record
 
 prevented the accrual of the three-year abandonment period. Only two categories of causes outside the record to prevent abandonment are permitted; namely, those causes falling within the two jurisprudential exceptions to the abandonment rule.
 
 Clark,
 
 2000-3010 at p. 7, 785 So.2d at 784. Those two exceptions are: (1) a plaintiff-oriented exception based on
 
 contra non valentem,
 
 that applies when the failure to prosecute is caused by circumstances beyond the plaintiffs control; and (2) a defense-oriented exception based on acknowledgement, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with the intent to treat the case as abandoned.
 
 Clark,
 
 2000-3010 at p. 7, 785 So.2d at 784-785. With regard to the defense-oriented exception, the conduct or actions of the defendant which are inconsistent with the intent to treat a case as abandoned and which result in the waiver of the right to assert abandonment may occur either before or after the abandonment period has accrued and serves to recommence the abandonment period running anew.
 
 See Clark,
 
 2000-3010 at pp. 11-16, 785 So.2d at 787-789. Furthermore, in determining the issue of abandonment, “the intent and substance of a party’s actions matter far more than technical compliance.”
 
 Thibaut Oil Co., Inc. v. Holly,
 
 2006-0313, p. 5 (La.App. 1st Cir.2/14/07), 961 hSo.2d 1170, 1172-1173.
 

 Mr. Hutchison contends that his case is not abandoned based on correspondence between counsel for Mr. Hutchison and counsel for SeaRiver concerning a new
 
 *995
 
 scheduling order and the selection of dates to bring the matter to trial, thereby evidencing the parties’ intent not to treat the case as abandoned. On appeal, SeaRiver contends that this correspondence is not part of the record but instead, was attached to Mr. Hutchison’s opposition, and therefore, it should not be considered by this court. Notably, the fact that the correspondence at issue was exchanged between counsel and the general substance of the correspondence are not disputed by SeaRiver.
 

 At the hearing on this matter, SeaRiver objected to the correspondence being introduced into evidence solely on the basis that it was irrelevant because it was not a formal part of the trial court’s record as contemplated by La. C.C.P. art. 561 and the jurisprudence interpreting that article. Although the trial court did not specifically rule on SeaRiver’s objection, the objection was implicitly overruled when the trial court specifically stated on the record that it had considered all of the exhibits attached to both memoranda and found that the letters were relevant to its determination of whether there were any acts or causes outside of the record, such as discovery or a defendant’s/insurer’s unconditional tender of benefits, that had prevented the accrual of the abandonment period. Because SeaRiver did not appeal the trial coui’t’s evidentiary ruling in this regard, we find it appropriate to consider the correspondence at issue.
 

 In a letter dated September 6, 2007, counsel for SeaRiver stated to counsel for Mr. Hutchison: “This follows our earlier telephone conversation regarding the captioned matter. Please forward your proposed dates so that we may file a [scheduling [ojrder with the [cjourt.”
 

 By letter dated November 7, 2007, counsel for Mr. Hutchison responded to 19counsel for SeaRiver as follows: “Enclosed please find a form supplied by [the trial court], which they request we use to select our recommended deadlines. I have selected a pre-trial date in July, 2008, together with corresponding cut off dates. If this is acceptable, please sign where appropriate and return to my office.” Enclosed with the November 7, 2007 letter was a scheduling order form, signed by counsel for Mr. Hutchison, that provided a discovery cut off date of June 16, 2008, that all pleadings would be filed by July 1, 2008, that the parties would exchange pretrial inserts by July 16, 2008, and that the pretrial order would be filed by July 18, 2008.
 

 On March 6, 2008, counsel for Mr. Hutchison sent a letter to counsel for SeaRiver, which provided: “I forwarded to your office on November 7, 2007 a copy of [the trial court’s] [proposed [scheduling [o]rder in the above captioned matter. I did not get a copy return [sic] to my office, and was curious to know whether or not you filed this with [the trial court] or if we still need to do so. If the form has not been forwarded to [the trial court], please let me know and I will send a signed copy to your office promptly.”
 

 On June 26, 2008, Mr. Hutchison propounded a second set of written discovery requests to SeaRiver, and on July 15, 2008, counsel for Mr. Hutchison sent another letter to counsel for SeaRiver with another proposed scheduling order, requesting that counsel for SeaRiver sign the proposed order and forward it to the trial court.
 

 After reviewing the correspondence between counsel, we find the defense-oriented jurisprudential exception to the abandonment rule applicable to this case. By virtue of the September 6, 2007 letter, counsel for SeaRiver specifically requested dates from counsel for Mr. Hutch-ison so that a scheduling order could be
 
 *996
 
 filed with the trial court. The ultimate purpose of a scheduling order is to hasten the matter to judgment by selecting deadlines for the parties to conclude all pretrial | ^matters. Therefore, requesting a scheduling order is an act inherently inconsistent with an intent to treat a case as abandoned. Thereafter, on November 7, 2007, counsel for Mr. Hutchison provided to counsel for SeaRiver a signed scheduling order on the form provided by the trial court, which set proposed discovery cutoff dates and pre-trial deadlines. Mr. Hutchi-son’s action in this regard clearly demonstrates his intent not to abandon his case. However, for reasons that are not disclosed in this record, the scheduling order was never filed with the trial court.
 

 Generally, we recognize that extra-judicial efforts, such as informal discussions, settlement negotiations, correspondence, or contact between the parties have uniformly been considered insufficient to constitute a step for purposes of interrupting or waiving abandonment.
 
 See Clark,
 
 2000-3010 at p. 16, 785 So.2d at 790;
 
 Brown,
 
 2008-0919 at pp. 11-12, 5 So.3d at 267;
 
 Compensation Specialties, L.L.C.,
 
 2008-1549 at p. 9, 6 So.3d at 281. However, this case presents a very different situation. It does not involve an attempt to use informal correspondence between the parties to demonstrate that a step in the prosecution of the case has occurred that is sufficient to interrupt or waive abandonment. Rather, it involves a defendant specifically requesting that the plaintiff provide proposed dates for pre-trial scheduling deadlines and a plaintiff responding to this request by submitting to the defendant a
 
 signed
 
 scheduling order
 
 on the form required by the trial court.
 
 That the scheduling order was never technically filed with the trial court is not as is important as the intent and purpose behind the actions of both SeaRiver and Mr. Hutchi-son,
 
 ie.,
 
 that a scheduling order be entered to hasten the matter to trial and judgment.
 

 Bearing in mind the policy considerations enunciated by our supreme court in
 
 Clark,
 
 2000-3010 at p. 8 and p. 10, 785 So.2d at 785 and 787, that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiffs suit and that any doubt as to abandonment is to be construed in favor of maintaining a Inplaintiffs actions, we find that SeaRi-ver’s actions in this case demonstrated an intent not to treat this case as abandoned, thereby waiving its right to assert abandonment. Therefore, we find that SeaRi-ver’s actions are within the jurisprudential acknowledgement exception to the abandonment rule. Since Mr. Hutchison has undisputedly taken steps in the action within three years of SeaRiver’s acknowl-edgement, we find that the trial court erred in dismissing this action as abandoned.
 
 [3]
 

 IV. CONCLUSION
 

 For the above and foregoing reasons, the December 16, 2008 judgment of the trial court granting the defendant’s motion and dismissing the plaintiffs action as abandoned is hereby reversed and the matter is remanded for further proceedings.
 

 All costs of this appeal are assessed to the defendant/appellee, SeaRiver Maritime, Inc.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . We note that in its oral reasons for judgment, the trial court stated that as of March 21, 2008, that the five-year abandonment period had passed with no action. However, as the trial court previously found that the March 21, 2005 scheduling order was the last step in the prosecution of the matter, the trial court clearly intended to state, in its reasons, that the three-year abandonment period had passed with no action.
 

 [2]
 

 .
 
 See
 
 La. C.C.P. art. 1446(D) and 1474(C)(4).
 

 [3]
 

 . Because of our ruling herein, we pretermit discussion of whether, pursuant to La. C.C.P. art. 561(A)(2) the five-year abandonment period for delays resulting from Hurricane Katrina is applicable to this case.