Judge Marion F. Edwards, Pro Tempore
| plaintiff, R. L. Lucien Tile Company, appeals a judgment of the district court denying its motion to set aside the dismissal of its breach of contract case on grounds of abandonment against defendant, Stall-ings Construction Company, Inc. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
This case involves a construction dispute between R, L. Lucien Tile Company (“Lucien”), Solid Rock Company (“Solid Rock”), Stallings Construction Company, Inc. (“Stallings”), and Children’s Hospital. On May 30, 2000, Lucien filed a lawsuit against Solid Rock, Stallings, and Children’s Hospital Co., alleging that it provided over $60,000.00 in payroll financing to Solid Rock and Stallings, and that defendants have ignored repeated requests by Lucien to be paid for its services and supplies. Further, Lucien alleged that Children’s Hospital was “the recipient of the labor and materials that were fraudulently and illegally taken” and that the “labor and material has been incorporated as a part of the immovable property that is now the Children’s Hospital Ambulatory Care Center.”[1]
laOn September 22, 2000, Lucien filed an amended petition for damages.[2] Thereafter, on September 6, 2001, Stallings filed *712 an exception, answer, reconventional demand, cross-claim, and third-party demand against Solid Rock and Lucien. Stallings excepted to Lucien’s procedural capacity to prosecute this lawsuit, alleging that “Lucien is a sole proprietorship and not a corporation chartered under or licensed to do business in Louisiana.” In its reconven-tional demand, Stallings made Robert L. Lucien, Sr., d/b/a R. L. Lucien Tire [sic] Co„ a defendant. In its cross-claim and third party demand, Stallings made “Solid Rock Construction, L.L.C.” a defendant, identifying it as a limited liability company whose primary place of business was in St. Tammany Parish, Louisiana. Mr. Lucien, Sr., and Solid Rock were served on September 14 and 19, 2001, respectively. On November 13, 2001, Stallings received preliminary default judgments against Solid Rock and Lucien after both parties failed to answer its pleading.
On November 28, 2001, Solid Rock filed a motion to set for trial on the merits.[3] Stallings opposed this motion on several grounds: (1) that no discovery had been conducted; (2) that neither Solid Rock nor Children’s Hospital had filed |san answer; and (3) and that the proposed motion to set for trial did not comply with Rule 10, Section 1, of the Civil District Court Rules.
. On December 18, 2001, Children’s Hospital filed exceptions of no cause of action and no right of action. The basis for the exception of no cause of action was Lucien’s failure to fulfill the requirements necessary to state a claim against Children’s Hospital under La. R.S. 9:4802 (the Private Works Act), the statutory authority on which Lucien’s claims were based. The basis for the exception of no right of action was Lucien’s failure to file its Mate-rialman’s and Labor Lien within sixty days of substantial completion of the construction project. On February 20, 2002, following a hearing, the district court granted Children’s Hospital’s exceptions of no cause of action and no right of action, and dismissed Lucien’s claims against it.
On February 15, 2005, Stallings filed peremptory exceptions of no right of action and. prescription, alleging (1) that Lucien is not included in the class of persons for whom the Louisiana Private Works Act (La. R.S. 9:4801 et seq.) extends a privilege against Stallings; and (2) in the event the Louisiana Private Works Act is applicable, Lucien failed to file suit against Stallings within the time periods outlined by said act. On July 21, 2008, Lucien filed a response to Stallings’ exceptions. On August 25, 2011, Stallings filed a second motion to set hearing on peremptory exceptions of no right of action and prescription, which were heard on October 14, 2011. Thereafter, on October 27, 2011, Stallings’ exceptions of no right of action and prescription were maintained and Lucien’s claims against Stallings under the Private Works Act (La. R.S. 9:4801) were dismissed. Further, the October 27, 2011 judgment ordered that “the [ ¿Materialman's and Labor Lien filed by plaintiff shall be stricken from the mortgage records of Orleans Parish.”[4]
On March 9, 2012, because the liens against Stallings had not been stricken from the mortgage records as ordered by the district court on October 27, 2011, Stallings filed a rule for contempt and for attorney’s fees and costs. Thereafter, on *713 April 12, 2012, Lucien’s liens were canceled; however, on June 14, 2012, the district court granted Stalling’s request for sanctions and ordered Lucien to pay Stallings $500.00.
On May 29, 2015, a pleading was filed by plaintiff R.L. Lucien Tile Company, Inc. [both the original and first amended petitions were filed on behalf of “R.L. Lucien The Co.”] requesting leave to supplement and amend the petition for a second time in order to add new defendants and several new causes of action. Stallings filed a memorandum in opposition to the motion for leave to file the second supplemental and amending petition arguing that the pleading “adds an entirely new defendant and several new causes of action, all of which were known or should have been known to Lucien at the time of filing of the original Petition fifteen years ago.” Thereafter, on October 9, 2015, the district court denied the motion for leave to file the second supplemental and amending petition.[5]
On October 1, 2015, Stallings filed an ex parte motion to dismiss on grounds of abandonment, which was granted on October 12, 2015. On October 27, 2015, Lucien filed a motion to set aside the judgment of abandonment arguing that the |Bdistrict court failed to take into account its June 12, 2012 judgment, which granted defendant Stallings sanctions in the amount of $500.00. Lucien argues that this judgment was a step in the defense of the matter by law. After a hearing on Lucien’s motion to set aside the judgment of abandonment, the district court denied the motion on February 18, 2016, and stated the following reasons for its ruling:
After considering the pleadings, the argument of counsel, the law, and upon finding that the defendant’s filing of a Motion for Contempt, the subsequent Judgment granting the Motion for Contempt, and plaintiffs payment of an award of sanctions to defendant, were not steps in the prosecution or defense of this matter; the Motion for Contempt did not move the matter forward or defend the matter; rather, it was designed to require the plaintiff to do what the Court had previously ordered plaintiff to do in Judgment dated October 27, 2011; and upon further finding that this matter was already abandoned when the Motion for Leave to file Second Supplemental and Amended Petition was filed.
Lucien now appeals this final judgment, alleging the following assignments of error: (1) the district court committed manifest error in granting Stallings’ motion for dismissal ex parte on October 21, 2015, as the June 12, 2012 Judgment met the standard for interruption of abandonment; (2) the district court committed manifest error in denying its motion to set aside the judgment of abandonment; and (8) the district court committed manifest error in denying its motion for leave to file second supplemental and amending petition and second supplemental and amending petition for damages.
STANDARD OF REVIEW
The question of whether a suit was abandoned is a legal question. See Olavarrieta v. St. Pierre, 04-1566, p. 3 (La.App. 4 Cir. 5/11/05), 902 So.2d 566, 568. Thus, the standard of review by an appellate court “in reviewing a question of |filaw is simply whether the lower court’s interpretive decision is correct.” Id., citing Faust v. Greater Lakeside Corporation, 03-0808, p. 3 (La.App. 4 Cir. 11/26/03), 861 So.2d 716, 718. However, the question of whether or not a step in the prosecution of a case has been taken in the trial court for *714 a period of three years is a question of fact subject- to manifest error analysis on appeal. See Hutchison v. Seariver Maritime, Inc., 09-0410, p. 4 (La.App. 1 Cir. 9/11/09), 22 So.3d 989, 992 citing Brown v. Kidney and Hypertension Associates, L.L.P., 08-0919, p. 7 (La.App. 1 Cir. 1/12/09), 5 So.3d 258, 264. Under the manifest error standard of review, in order to reverse a fact finder’s determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. Salvant v. State, 05-2126, p. 5 (La. 7/6/06), 935 So.2d 646, 650.
DISCUSSION
The issue before this Court is whether the district court correctly ruled that Lucien had abandoned its claims for damages against Stallings and Solid Rock that arise out of their purported breaches of contract. The controlling statutory provision in this case is La. C.C.P. art. 561, which provides that an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years.
In Clark v. State Farm Mut. Auto. Ins. Co., 00-3010, p. 6 (La. 5/15/01), 785 So.2d 779, 784, the Louisiana Supreme Court held that Article 561 has been construed as imposing three requirements on plaintiffs: (1) a party take some “step” in the prosecution or defense of the action; (2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record |7of the suit; and (3) the step must be taken within three years of the last step taken by either party. A “step” in the prosecution or defense is defined as taking formal action before the court which is intended to hasten the matter to judgment, or the taking of a deposition with or without formal notice. Id. Further, abandonment is self-executing; it occurs automatically upon the passing of three years without a step being taken by either party, and it is effective without court order. Id. Once abandonment has occurred, action by the plaintiff cannot breathe new life into the suit. Id. at p. 15, 789.
In Clark, the Louisiana Supreme Court discussed the policy considerations underlying abandonment, and stated, in pertinent part:
Abandonment functions to relieve courts and parties of lingering claims by giving effect to the logical inference that a legislatively designated extended- period of litigation inactivity establishes the intent to abandon such claims. When the parties take no steps in the prosecution or defense of their claims during that legislatively ordained period, “the logical inference is that the party intends to abandon the claim and the law gives effect to this inference.” Young v. Laborde, 576 So.2d 551, 552 (La. App. 4th Cir.1991).
[[Image here]]
Abandonment is not a punitive concept; rather, it [sic] a balancing concept. Abandonment balances two equally sound, competing policy considerations: “on the one hand, the desire to see every litigant have his day in court, and not to lose same by some technical carelessness or unavoidable delay; on the other hand, the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription.” Sanders[ v. Luke], 92 So.2d [156] at 159 [ (La.App. 1st Cir.1957) ]. The latter policy consideration parallels those served by prescriptive statutes-promoting legal finality, barring stale claims, and preventing prejudice to defendants. Gary v. Camden Fire Insurance Co., 96-0055 *715 (La. 7/2/96), 676 So.2d 553. More precisely, the latter prescriptive purpose on which abandonment is based promotes “the legislative intent and judicial policy of finality, requiring that suits not be permitted to linger indefinitely, that the legal process be expedited where possible, and that abandoned cases be removed from crowded dockets.” 1 Judge Steven R. Plotkin, West Practice Group: Louisiana Civil Procedure 359 (2001).
Clark, 00-3010 at p, 10-11, 785 So.2d at 786-87.
After a review of the record, we find that the last action filed in the record that appears to hasten the action toward a judgment was the October 27, 2011 judgment maintaining Stallings’ exceptions of no right of action and prescription and dismissing Lucien’s claims against Stall-ings under the Private Works Act. This October 27, 2011 judgment also ordered the Materialman’s and Labor Lien filed by Lucien against Stallings to be stricken from the Orleans Parish mortgage records. We agree with the district court’s finding that Stallings “filing of a Motion for Contempt, the subsequent Judgment granting the Motion for Contempt, and plaintiffs payment of an award of sanctions to defendant, were not steps in the prosecution or defense of this matter; the Motion for Contempt did not move the matter forward or defend the matter; rather, it was designed to require the plaintiff to do what the Court had previously ordered plaintiff to do in Judgment dated October 27, 2011.”
As defined by La. C.C.P. art. 221, “[a] contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority.” Lucien paid the sanction of $500.00 to Stallings in August of 2012. Because the rule for contempt and resulting judgment did nothing to hasten the pending claims against Stallings and Solid Rock for breach of contract, we also find that neither was considered a step in the prosecution or defense of the action sufficient under La. C.C. P. art. 561 |nto interrupt the abandonment period.[6] Accordingly, we find that this suit was abandoned on October 27, 2014, three years after the October 27, 2011 judgment was rendered maintaining Stallings’ exceptions of no right of action and prescription.
Because we find that this case was abandoned on October 27, 2014, we pretermit discussion of Lucien’s assignment of error regarding its motion for leave to file the second supplemental and amending petition filed on May 29, 2015. For these reasons, we affirm the February 18, 2016, district court judgment that denied the motion to set aside the judgment of abandonment.
AFFIRMED

. Although Lucien refers to the contract on which the suit was based and claims it was attached to this May 30, 2000, petition, we are unable to find the contract in the record.

. The amended petition did not change the name or procedural capacity of Lucien, although amendments to the procedural capacities of the named defendants were made. Children’s Hospital was served with the amended petition on January 31, 2001 and requested an extension of time within which to answer or otherwise plead, which was granted on March 7, 2001. The record shows that Children’s Hospital was again served with the amended petition on July 17, 2001. Solid Rock was served with the amended petition on July 17, 2001 and filed an answer on July 20, 2001. Stallings was served with the amended petition on July 20, 2001.

. Although the November 29, 2001, opposition memorandum filed by Stallings addressed a motion to set for trial purportedly received from counsel for Lucien, the record contains only a motion to set for trial filed by Solid Rock.

. The judgment did not include the name in which the lien was recorded or the recordation information.

. On October 19, 2015, R. L. Lucien Tile Company, Inc. filed a motion for rehearing on motion for leave to file second supplemental and amending petition, which the district court denied on November 6, 2015.

. We are not here determining that a rule for contempt can never serve as a step in the prosecution of a case sufficient to interrupt the three year period of abandonment.