Judge Tiffany G. Chase
Relator, Jack Adams, seeks review of the trial court's March 25, 2019 judgment denying his motion to dismiss on grounds of abandonment. After consideration of the record before this Court, and the applicable law, we grant the writ and reverse the judgment of the trial court denying Mr. Adams' motion to dismiss on grounds of abandonment.
Relevant Facts and Procedural History
On November 6, 2014, Respondent, Rick Sutton, filed a petition for damages against Mr. Adams alleging breach of contract. The breach of contract petition was allotted to Division "N" of Civil District Court for the Parish of Orleans, and assigned case number 2014-10709. Mr. Sutton subsequently filed a separate petition for damages against Mr. Adams alleging failure to pay wages. The wage petition was allotted to Division "B" of Civil District Court for the Parish of Orleans, and assigned case number 2015-3495. Mr. Adams filed a motion to transfer and consolidate on November 3, 2015, requesting case number 2015-3495 be transferred to Division "N" and consolidated with case number 2014-10709. By order dated November 4, 2015, case number 2015-3495 was transferred to Division "N" and consolidated with case number 2014-10709.
On May 20, 2015, Mr. Sutton filed another petition for damages against Mr. Adams alleging defamation. The defamation petition was allotted to Division "M" of Civil District Court for the Parish of Orleans, and assigned case number 2015-4829. After answering the defamation petition, Mr. Adams filed a motion for summary judgment, in the defamation case, on November 3, 2015. Mr. Sutton filed an opposition to the motion for summary judgment on December 10, 2015.
On January 15, 2016, Mr. Adams filed a motion for sanctions against Mr. Sutton. The motion for sanctions was filed in Division "N" under case number 2014-10709 c/w 2015-3495. Mr. Sutton filed an opposition to the latter motion on February 11, 2016. His opposition was filed in Division "M" under case number 2015-4829 and filed into the record of the defamation case. On January 21, 2019, Mr. Sutton filed a motion to set for trial on the merits in Division "M" under case number 2015-4829.[1]
On February 4, 2019, Mr. Adams filed a motion to dismiss on grounds of abandonment in the Division "M" defamation case, *1278 under case number 2015-4829. Mr. Adams argued that the matter was abandoned pursuant to La. C.C.P. art. 561 because it had been more than three years since the last step was taken, by any party, in the prosecution or defense of the matter. Mr. Sutton filed an opposition to the motion dismiss on grounds of abandonment on March 6, 2019. Mr. Sutton maintained that the matter was not abandoned because it had been consolidated with case number 2014-10709. Mr. Adams filed a reply memorandum on March 12, 2019 asserting that case number 2015-4829 was never consolidated with case number 2014-10709 and that the opposition to the motion for sanctions, or the erroneous captioning of certain pleadings, did not count as steps in the prosecution or defense of the matter.
A hearing on the motion to dismiss on grounds of abandonment was held on March 14, 2019. In open court, the trial court denied the motion to dismiss on grounds of abandonment. The trial court's ruling was reduced to writing by judgment dated March 28, 2019. This application for supervisory review followed.
Discussion
This Court is tasked with determining whether steps were taken in the prosecution or defense of case number 2015-4829, within a three year period. The question of whether a step in the prosecution or defense of a case has occurred, within a three year period, is a question of fact which is subject to a manifest error analysis. R.L. Lucien Tile Co. v. Solid Rock Co. , 2016-0690, p. 6 (La.App. 4 Cir. 3/29/17), 215 So.3d 710, 713-714 writ denied , 2017-1041 (La. 10/9/17), 227 So.3d 836.
La. C.C.P. art. 561(A)(1) provides that "an action...is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years...." Mr. Adams argues that the motion for sanctions was filed in case number 2014-10709 c/w 2015-3495 and not in case number 2015-4829. As such, he asserts, the filing of the opposition to the motion for sanctions into the incorrect record was not a step in the litigation of case number 2015-4829 and the matter is abandoned. Conversely, Mr. Sutton maintains that the parties agreed to consolidate case number 2015-4829 with case number 2014-10709 for settlement purposes and therefore, the filing of the opposition to the motion for sanctions was a step in the litigation of case number 2015-4829. He argues that the motion to set for trial on the merits was filed within three years of the opposition to the motion for sanctions and thus, case number 2015-4829 was not abandoned.
La. C.C.P. art. 561 imposes three requirements: "(1) a party take some "step" in the prosecution or defense of the action; (2) the step must be taken in the proceeding and...must appear in the record of the suit; and (3) the step must be taken within three years of the last step taken by either party." R.L. Lucien Tile Co. , 215 So.3d at 714 (citing Clark v. State Farm Mut. Auto. Ins. Co. , 2000-3010, p. 6 (La. 5/15/01), 785 So.2d 779, 784 ). "A "step" in the prosecution or defense is defined as taking formal action before the court which is intended to hasten the matter to judgment...." Id.
The record before this Court demonstrates that the last step in the prosecution or defense of case number 2015-4829 occurred on December 10, 2015 when Mr. Sutton filed an opposition to the motion for summary judgment. We find there was no step taken in the prosecution or defense of case number 2015-4829 within three years of the filing of the opposition to the motion for summary judgment. Although Mr. Sutton filed his opposition to the motion for sanctions under case number 2015-4829, a review of the record reveals that the opposition actually related to the motion for *1279 sanctions filed in case number 2014-10709 c/w 2015-3495. Therefore, the filing of the opposition to the motion for sanctions is not considered a "step" in the prosecution or defense of case number 2015-4829 because it did not move the defamation case to judgment.
Further, while Mr. Sutton argues that the parties agreed to consolidate case number 2015-4829 with case number 2014-10709, the record does not reflect that those matters were actually consolidated. As acknowledged by the trial court, there was no motion or order consolidating case number 2015-4829 with case numbers 2014-10709 and 2015-3495. Thus, the last step in the prosecution or defense of case number 2015-4829 occurred on December 10, 2015 when Mr. Sutton filed his opposition to the motion for summary judgment.
Accordingly, case number 2015-4829 was abandoned as a matter of law on December 10, 2018. As such, we grant the writ and reverse the trial court's judgment denying Mr. Adams' motion to dismiss on grounds of abandonment.
WRIT GRANTED; JUDGMENT REVERSED

Although the caption on the motion to set for trial contained a typographical error and listed the case number as 2018-4829, it was actually being filed under case number 2015-4829.