| | | |
|---|---|---|
| **W.L. WYMAN CONSTRUCTION COMPANY, INC.** | * | NO. 2022-CA-0175 |
| | * | |
| | | **COURT OF APPEAL** |
| **VERSUS** | * | |
| | | **FOURTH CIRCUIT** |
| **SEWERAGE & WATER BOARD OF NEW ORLEANS** | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2015-05860, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
\* \* \* \* \* \*
**Chief Judge Terri F. Love**
\* \* \* \* \* \*

(Court composed of Chief Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge Rosemary Ledet)

**LOBRANO, J., CONCURS THE RESULT**

Kyle S. Sclafani
4130 Canal Street, Suite A
New Orleans, LA 70119

     COUNSEL FOR PLAINTIFF/APPELLANT


Andrew D. Mendez
Nicholas J. Wehlen
STONE PIGMAN WALTHER WITTMANN L.L.C.
909 Poydras Street, Suite 3150
New Orleans, LA 70112--4042

     COUNSEL FOR DEFENDANT/APPELLEE

**REVERSED AND REMANDED**
**SEPTEMBER 30, 2022**

*TFL*

*RML*

This is an abandonment case. Appellant, W.L. Wyman Construction Company, Inc. ("Wyman"), appeals the trial court's judgment which denied Wyman's motion to set aside order of dismissal granted in favor of Appellee, Sewerage & Water Board of New Orleans ("S&WB").

The trial court granted S&WB's *ex parte* motion to dismiss for abandonment based on S&WB's contention that neither party had taken a step in the prosecution of the case for a three-year period as outlined in La. C.C.P. art. 561. S&WB asserted that Wyman's re-notice of deposition sent to S&WB through its counsel via electronic mail ("e-mail") did not interrupt abandonment in that the notice was not validly served in accordance with the provisions of La. C.C.P. art. 1313(A)(4) to effectuate electronic service. S&WB argued that its counsel did not consent to electronic service in that he never expressly designated an e-mail address for service of pleadings or discovery.

The record shows that S&WB's counsel utilized his e-mail address in responding to Wyman's discovery demands and to other correspondence. These

1

written communications indicated his consent to accept electronic service on behalf of S&WB at his designated e-mail address. Thus, we find Wyman properly served S&WB's counsel via e-mail with the re-notice of deposition; and moreover, the deposition notice constituted a step taken in the prosecution of the case within the three-year period to avoid abandonment of an action. Accordingly, we reverse the judgment and remand the case to the trial court for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

Wyman and S&WB entered a contract wherein Wyman agreed to demolish and replace one of the S&WB's buildings. Wyman alleged that S&WB withheld a substantial sum of the money it was owed after Wyman had completed the work. Accordingly, on June 19, 2015, Wyman filed a petition for damages against S&WB for breach of contract. S&WB filed an answer on August 21, 2015. Thereafter, the discovery process commenced.

On September 25, 2015, Wyman's counsel, David Culpepper, served S&WB with a First Set of Request for Production of documents via e-mail to S&WB's counsel, Anthony Stewart, at Mr. Stewart's e-mail address—astewart@swbno.org. After S&WB did not respond to the discovery or participate in a Local Rule 10.1 conference, Wyman filed a motion to compel, which was served on SW&B through Mr. Stewart at Mr. Stewart's e-mail address. S&WB did not attend the hearing on the motion to compel; and subsequently, Wyman obtained a court order instructing S&WB to respond fully to its request for production of documents.

2

On June 10, 2016, Wyman sent an e-mail to Mr. Stewart to schedule a 1442 deposition. S&WB did not respond to the letter; and on July 19, 2016, Wyman filed a motion for sanctions against S&WB for its failure to provide sufficient responses to its discovery demands and failure to provide a date for the corporate deposition. Wyman served the motion for sanctions on S&WB through Mr. Stewart's e-mail address. On September 22, 2016, S&WB provided responses, via Mr. Stewart's e-mail address, to Wyman's discovery demands. The following day, S&WB attended a hearing on Wyman's motion for sanctions. The trial court granted Wyman's motion and awarded monetary sanctions. Wyman submitted a proposed judgment to S&WB. Mr. Stewart, employing his e-mail address, responded to the proposed judgment on September 27, 2016, stating that S&WB had "no objections." On October 11, 2016 and October 13, 2016, Mr. Stewart e-mailed supplemental answers to Wyman's discovery requests.

Wyman sent a 1442 notice of deposition via e-mail to S&WB on January 24, 2017. Mr. Stewart replied by e-mail that the deposition notice had been "received." On February 8, 2017, Mr. Stewart responded by e-mail to an e-mail inquiry from Wyman to confirm that the S&WB would comply with Wyman's request for the 1442 deposition. Wyman issued a re-notice of deposition to the S&WB by e-mail to Mr. Stewart on September 11, 2018.

On September 15, 2021, new counsel for Wyman enrolled on the case and filed a motion for scheduling conference. In response, the S&WB filed an *ex parte* motion to dismiss on grounds of abandonment. The trial court granted the motion

and dismissed the case with prejudice. Wyman countered with a motion to set aside dismissal. Alternatively, Wyman argued that the dismissal should be changed to "without prejudice."

In opposition to the case's dismissal, Wyman iterated that the dismissal should be set aside because the September 15, 2021 motion to set scheduling conference occurred within the three-year period from the filing of the September 11, 2018 re-notice of deposition served on S&WB via e-mail.[1] Wyman asserted that its counsel—Mr. Culpepper—and Mr. Stewart, S&WB's counsel, had a pattern and practice of communicating with each other through e-mail. Wyman also averred that the S&WB never lodged any objections to service via e-mail. In support of its position, Wyman cited an affidavit from Mr. Culpepper which included attachments documenting e-mail correspondence between Mr. Stewart and Mr. Culpepper.

The S&WB argued against setting aside the dismissal. It maintained that the re-notice of deposition was not a step in the prosecution of the case because the notice was not validly served in accordance with La. C.C. art. 1313(A)(4). The S&WB maintained that La. C.C. art. 1313(A)(4) permits service by e-mail only where an e-mail address has been "expressly designated in a pleading or other writing." S&WB alleged that Mr. Stewart never made any express designation; as such, S&WB did not consent to electronic service.

---

[1] Wyman noted that the September 15, 2021 motion for scheduling order was filed during the period suspending prescription, peremption, and abandonment for thirty (30) days pursuant to the emergency order issued by the Louisiana Supreme Court in accord with the Governor's August 26, 2021 declaration of a state of emergency that resulted from Hurricane Ida.

The trial court denied Wyman's motion as to its request to set aside the judgment to dismiss.[2] This appeal followed.

## DISCUSSION

La. C.C.P. art. 561(A) states, in relevant part, that "[a]n action . . . is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years . . ." La. C.C.P. art. 561(B) explains that "[a]ny formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action."

In the present matter, Wyman argues the trial court erred in the following respects: (1) concluding that Wyman's service of the September 11, 2018 re-notice of deposition by electronic means was ineffective under La. C.C.P. art. 1313(A)(4) and not a sufficient "step" under La. C.C.P. art. 561 to interrupt abandonment; (2) failing to recognize the intent and substance of a party's action matter more than technical compliance when determining whether an action has been abandoned under La. C.C.P. art. 561; and (3) failing to find that the S&WB waived its right to object under La. C.C.P. art. 1313(A)(4) by virtue of S&WB's participation in discovery served electronically and its failure to lodge any objection to electronic service.

***Standard of Review***

---

[2] The trial court amended the judgment of dismissal to reflect that the dismissal was without prejudice.

The question of whether an action has been abandoned is a question of law. *See Olavarrieta v. St. Pierre*, 2004-1566, p. 3 (La. App. 4 Cir. 5/11//05), 902 So.2d 566, 568. Hence, the standard of review for the appellate court is simply whether the lower court's interpretive decision was correct. *Id.* (citations omitted).

However, the determination as to whether or not a step in the prosecution of the case has taken place during the three-year period is a question of fact subject to the manifest error standard of review. *See R.L. Lucien Tile Co. v. Solid Rock Co.*, 2016-0690, p. 6 (La. App. 4 Cir. 3/29/17), 215 So.3d 710, 713-14. Therefore, in order to reverse the trial court, the appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. *Id.* at 714 (citation omitted).

### La. C.C.P. art. 1313(A)(4)

Here, the issue that requires resolution in all of Wyman's assigned errors is whether the re-notice of disposition was properly served in accord with La. C.C.P. art. 1313(A)(4) so as to constitute a step in the prosecution of the case. La. C.C.P. art. 1313(A)(4) states, in pertinent part, that a pleading may be served by "[t]ransmitting a copy by electronic means to counsel of record, or if there is no counsel of record, to the adverse party, at the number or addresses expressly designated in a pleading or other writing for receipt of electronic service." Wyman argues that it perfected service of the re-notice of deposition under art. 1313(A)(4) because service by e-mail had been a mutually accepted practice of the parties

6

throughout the litigation. Wyman cites numerous e-mail correspondence with Mr. Stewart, including its electronic service of written discovery demands to S&WB and Mr. Stewart's responses to Wyman's discovery demands by e-mail. Conversely, S&WB represents that Mr. Stewart never expressly designated his e-mail address in a pleading or other writing for receipt of electronic service.

La. C.C.P. art. 1313(A)(4) provides two mechanisms for counsel to accept electronic service—by designation in a pleading or in an "other writing." The record herein shows that Mr. Stewart never expressly designated his e-mail address on any pleading sent to Wyman. However, Mr. Stewart did place his e-mail address on other writings to acknowledge receipt of electronic service. Accordingly, we agree with Wyman that Mr. Stewart's placement of his e-mail address on these other writings was sufficient to authorize electronic service on S&WB pursuant to art. 1313(A)(4).

### *S&WB's E-mail Writings*

The affidavit of Mr. Culpepper included the following e-mail exchanges from Mr. Stewart's e-mail address to Wyman:

> Subject:  Wyman v. SWBNO, CDC3 15-5860
> From:      STEWART, Anthony (ASTEWART@swbno.org)
> To:          davidculpepper@bellsouth.net
> Date:       Thursday, September 22, 2016 2:33 PM
>
> David, Supplemental Responses to Request for Production attached.

***

> Subject:  RE: Wyman v. S&WB
> From:      STEWART, Anthony (ASTEWART@swbno.org)
> To:          davidculpepper@bellsouth.net
> Date:      Tuesday, September 27, 2016

No objections.[3]

***

Wyman vs. SWBNO, CDC# 15-05860

From: STEWART, Anthony (astewart@swbno.org)
To:    davidculpepper@bellsouth.net
Date:  Tuesday, October 11, 2016, 11:11 AM CDT

David, attached is spreadsheet in previous discovery response.

***

Wyman v. SWBNO

From: STEWART, Anthony (astewart@swbno.org)
To:    davidculpepper@bellsouth.net
Date:  Thursday, October 13, 2016, 02:08 PM CDT

David, Supplemental Responses to Request for Production attached. Also, please be advised that issuance of Notice of Final Acceptance herein will be on the Board's November agenda.

***

RE:   Wyman v. S&WB

From: STEWART, Anthony (astewart@swbno.org)
To:    davidculpepper@bellsouth.net
Date: Tuesday, January 24, 2017, 12:46 PM CST

Received.[4]

---

[3] Mr. Stewart's "no objections" response was in response to an inquiry from Mr. Culpepper as to whether S&WB had any objections to a proposed judgment prepared by Wyman.

Anthony:

Here's my proposed Judgment on the hearing this morning.  Please let me know if you have any proposed revisions or objections to this Judgment within the deadlines provided by District Court Rule 9.5.

[4] Mr. Stewart responded "received" to the Article 1442 Deposition Notice to S&WB that Wyman's counsel e-mailed to Mr. Stewart.

Anthony:

Please see attached Article 1442 Deposition Notice.

***

From: STEWART, Anthony (astewart@swbno.org)
To:    davidculpepper@bellsouth.net
Date: Wednesday, February 8, 2017, 10:39 AM CST

David, the S&WB will comply with request for 1442 Deposition. It is Engineering-Networks and Drainage regarding numbers 4-7 and Jason Higginbotham from Emergency Management Operations for FEMA related areas of inquiry.

As this Court espoused in *Louisiana Dep't of Transp. & Dev. v. Oilfield Heavy Haulers, LLC.*, 2011-0912, p. 5 (La. 12/6/11), 79 So.3d 978, 981 (citations omitted), abandonment is not a punitive concept; rather, it weighs two competing polices considerations: (1) the desire to see every litigant have his day in court and not to lose same by some technical carelessness or unavoidable delay, and (2) the legislative purpose that suits, once filed, should not linger indefinitely, preserving stale claims from the normal extinguishing operation of prescription. Abandonment is to be liberally construed in favor of maintaining an action; and any reasonable action should be resolved in favor allowing the claim and against dismissal for abandonment. *Id.* at 981-82.

This Court judicially notes that La. C.C. art. 1313(A)(4) does not define or give illustrative examples as to what constitute an "other writing" for purposes of designating an e-mail address and the absence of jurisprudence on the definition. However, in applying the precept of liberal construction to abandonment actions, we find the above referenced communications constituted "other writings" as contemplated by La. C.C.P. art. 1314(A)(4) to satisfy the requirements for electronic service. Mr. Stewart effectively designated his e-mail address as S&WB's counsel for service in these writings when he not only accepted e-mail service from Wyman, but also utilized his e-mail address to respond on behalf of

9

S&WB to Wyman's discovery. Moreover, we note that S&WB does not represent that Wyman used an incorrect e-mail address, the validity of the e-mail exchanges, or disputes that it accepted and responded to discovery served via e-mail, in particular, the September 11, 2018 re-notice of deposition.[5]

Having determined that the S&WB was properly served through e-mail, the September 11, 2018 re-notice of deposition was a step in the prosecution of the case. Hence, Wyman's September 15, 2021 motion for scheduling conference occurred within the three-year period to interrupt abandonment.

## DECREE

Based on the foregoing, the trial court erred in denying Wyman's motion to set aside the dismissal. Accordingly, the judgment is reversed, and the case is remanded for further proceedings.

**REVERSED AND REMANDED**

---

[5] Generally, the proper method to contest the sufficiency of service of process is to file a declinatory exception in accord with La. C.C.P. art. 925(A)(2). *See Patterson v. Charles*, 2019-0333, p. 30 (La. App. 4 Cir. 9/11/19), 282 So.3d 1075, 1094. A party who fails to file an exception of insufficient service and appears waives the right to object to improper service. *Id.* (citations omitted). In the present matter, S&WB never lodged any objection to service by e-mail and made appearances in response to same. Accordingly, we agree with Wyman that S&WB waived any right to object as to whether Wyman properly complied with the prerequisites for electronic service as outlined in La. C. C.P. art. 1313(A)(4).