STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2023 CA 0160

JANICE DICKERSON, INDIVIDUALLY AND AS PRIMARY OWNER OF
JMD SERVICES, INC.

VERSUS

SNF HOLDING COMPANY

**Judgment Rendered:** **NOV 0 9 2023**

\* \* \* \* \* \*

On appeal from the
Eighteenth Judicial District Court
In and for the Parish of Iberville
State of Louisiana
Docket Number 75,682

Honorable Tonya S. Lurry, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Jude C. Bursavich<br>Jerry L. Stovall, Jr.<br>Baton Rouge, LA | Counsel for Defendants/Appellants<br>SNF Holding Company and SNF<br>Flopam |
| Victor J. Woods, Jr.<br>Addis, LA | Counsel for Plaintiffs/Appellees<br>Janice Dickerson and JMD Services,<br>Inc. |

\* \* \* \* \* \*

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

**GUIDRY, C.J.**

Defendants appeal a trial court's judgment setting aside an order of dismissal for abandonment. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On February 24, 2016, Janice Dickerson, individually and as primary owner of JMD Services, Inc. (JMD), filed suit against SNF Holding Company and SNF Flopam (collectively referred to as SNF), alleging breach of contract and claiming SNF was liable for all damages suffered as a result of the breach.[1] Thereafter, a number of pleadings and filings appear in the record. On April 10, 2019, the trial court signed a scheduling order, setting the trial date for January 2020. Following, on December 19, 2019, the parties filed into the record a "joint motion to continue" the trial date.

On August 11, 2022, SNF filed an *ex parte* motion and order of dismissal based on abandonment. The order of dismissal was signed by the trial court on August 17, 2022. Thereafter, JMD filed a motion to set aside the August 17 order of dismissal, which after a hearing, the trial granted. On December 5, 2022, the trial court signed a judgment vacating the order of dismissal. SNF appealed contending the trial court erred in the following respects:

> 1. The [trial] court erred when it vacated its order of dismissal for abandonment.
>
> 2. The [trial] court erred by not finding that a motion to continue, without date, is not a "step" in the prosecution of a matter that prevents abandonment.
>
> 3. The [trial] court erred by not finding that negotiations or extrajudicial efforts between parties are not considered "steps" in the prosecution of a matter that prevents abandonment.

---

[1] JMD's petition was amended in August 2016. In addition, Janice Dickerson was dismissed from this suit in her individual capacity.

## DISCUSSION

The controlling provision in this case, La. C.C.P. art. 561,[2] provides in part:

A. (1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years ...

(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.

Louisiana Code of Civil Procedure article 561 has been construed as imposing three legal requirements: (1) a party must take some step toward the prosecution or defense of the lawsuit; (2) the step must be taken in the trial court and, with the exception of formal discovery, must appear on the record; and (3) the step must be taken within the legislatively-prescribed time period from the last step taken by either party. A party takes a "step" when it takes formal action before the trial court intended to hasten the matter to judgment. Compensation Specialties, LLC v. New England Mutual Life Insurance Company, 08-1549, p. 5 (La. App. 1st Cir. 2/13/09), 6 So. 3d 275, 279, writ denied, 09-0575 (La. 4/24/09), 7 So. 3d 1200.

There are two jurisprudential exceptions to the abandonment rule: (1) a plaintiff-oriented exception, based on *contra non valentum,* that applies when the failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception, based on acknowledgement, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. Clark v. State Farm Mutual Automobile Insurance Company, 00-3010, p. 7 (La. 5/15/01), 785 So. 2d 779, 784-785. With regard to the defense-oriented exception, the conduct or actions of the

---

[2] Prior to its amendment by La. Acts 2023, No. 5, effective August 1, 2023.

3

defendant which are inconsistent with the intent to treat a case as abandoned and which result in the waiver of the right to assert abandonment may occur either before or after the abandonment period has accrued and serves to recommence the abandonment period running anew. Hutchison v. Seariver Maritime, Inc., 09-0410, p. 7 (La. App. 1st Cir. 9/11/09), 22 So. 3d 989, 994, writ denied, 09-2216 (La. 12/18/09), 23 So. 3d 946.

Additionally, the jurisprudence has uniformly held that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit. Clark, 00-3010 at p. 8, 785 So. 2d at 785. Whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error analysis on appeal. On the other hand, whether a particular act, if proven, precludes abandonment is a question of law that we review by simply determining whether the trial court's decision was legally correct. Hutchison, 09-0410 at p. 4, 22 So. 3d at 992.

The appellant herein, SNF, contends that this matter was abandoned with the last step in the prosecution or defense being taken on April 10, 2019, when the trial court signed the scheduling order setting the matter for trial. JMD, however, contends that the language inserted into the joint motion to continue, filed into the record on December 19, 2019, evidences the parties' intent not to treat this matter as abandoned. The joint motion to continue, signed by both parties, reads in pertinent part as follows: "Movers respectfully request that the trial be continued without date and all deadlines on the pretrial scheduling order be suspended. Parties will request a status for a new trial date if unable to resolve matter."

This court has held that a joint motion to continue, without date, is not a step in the prosecution of a case. See Hutchison, 09-0410 at p. 6, 22 So. 3d at 994. In addition, this court has held that settlement negotiations between parties in a lawsuit do not constitute a step for the purpose of Article 561, and likewise may

4

not serve as the basis of a claim of waiver of the right to plead abandonment. See Porter v. Progressive Specialty Insurance Company, 99-2542, pp. 3-4 (La. App. 1st Cir. 11/8/00), 771 So. 2d 293, 295. Nevertheless, as a general rule, abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned. Thibaut Oil Company, Inc. v. Holly, 06-0313, p. 5 (La. App. 1st Cir. 2/14/07), 961 So. 2d 1170, 1173. For the purpose of determining abandonment, the intent and substance of a party's actions matter far more than technical compliance. Thibaut Oil Company, Inc., 06-0313 at p. 5, 961 So. 2d 1172-1173. We note, as observed in Clark, that "agreeing to a trial setting" constitutes conduct sufficient to amount to a waiver of the defendant's right to plead abandonment. See Clark, 00-3010 at p. 14, 785 So. 2d at 789 n.15.

Where the joint motion herein not only involves a request for a continuance, but evidences an agreement between the parties to "request a status for a new trial date," we agree with the plaintiffs' contentions, and find that the defense-oriented exception to the abandonment rule applies.[3] By virtue of the joint motion, both parties, and more importantly the defendant SNF, agreed and indicated their intention, should this matter not resolve, to set it for a trial. The action of SNF amounted to an acknowledgment of JMD's ongoing cause of action. It was inconsistent with an intent to treat this matter as abandoned—it operated as a waiver to any claim that JMD abandoned this litigation, and precluded SNF from asserting the same.

Form does not prevail over substance in determining whether an action has been abandoned. See Thibaut Oil Company, Inc., 06-0313 at p. 5, 961 So. 2d 1173. Our review indicates that there was action in this matter which served to

---

[3] By affirmative, definite, or formal action a defendant may waive his right to claim abandonment. Clark, 00-3010 at p. 21, 785 So. 2d at 792.

5

interrupt the abandonment period, and there was never a three-year period of inaction by the parties. Therefore, we cannot say that this case was abandoned.

Our jurisprudence requires a liberal construction of Article 561 and that any doubt as to abandonment be construed in favor of maintaining a plaintiff's action.[4] See Hutchison, 09-0410 at pp. 10-11, 22 So. 3d at 996. Accordingly, where the defendant took action inconsistent with an intent to treat this matter as abandoned, we conclude that such action served as both an acknowledgment and a waiver. The joint motion recommenced the abandonment period running anew.[5] We therefore find no error in the trial court's ruling.

## CONCLUSION

For the above and foregoing reasons, the December 5, 2022 judgment of the trial court granting the motion to set aside dismissal, filed by plaintiffs, Janice Dickerson and JMD Services, Inc., is affirmed. All costs of this appeal are assessed to the defendants/appellants, SNF Holding Company and SNF Flopam.

**AFFIRMED.**

---

[4] We also note that the acknowledgment standard for interrupting the abandonment period is a less stringent evidentiary requirement than the renunciation of prescription standard that would occur after the accrual of the abandonment period. Moise v. Baton Rouge General Medical Center, 22-0623, p. 6 (La. App. 1st Cir. 4/20/23), 367 So. 3d 108, 113, writ denied, 23-00718 (La. 9/26/23), 370 So. 3d 475.

[5] Consequently, December 19, 2019 is the date to begin calculating the period of inactivity for establishing abandonment.