HUGHES, J.
[^Spurgeon Holly, Jr., plaintiff-in-recon-vention, appeals from a September 6, 2005 judgment dismissing without prejudice on grounds of abandonment his reconventional demand against Thibaut Oil Co., Inc., defendant-in-reconvention. For the reasons that follow, we reverse.
FACTS AND PROCEDURAL HISTORY
This lawsuit arises out of a lease arrangement between Thibaut Oil Co., Inc. (Thibaut) and Spurgeon Holly, Jr. The original lease by Mr. Holly to Thibaut of property for use as a gas station ran from July 1977 to July 1987 and was not renewed. After Thibaut vacated the premises, a dispute began over removal of underground tanks, pumps, signs, and an overhead canopy on the property. In March 1988, Thibaut sued Mr. Holly for $25,000.00 in damages and sought an injunction against Mr. Holly interfering with its efforts to remove the equipment from the property. In May 1988, Mr. Holly answered Thibaut’s petition and filed a reconventional demand claiming $250,000.00 in damages from Thibaut for lost sales, damage to his business reputation and good will, and mental anguish.
In 1995, Thibaut moved to dismiss its claims for mootness as the equipment had apparently been removed by that time; Mr. Holly maintained his reconventional demand against Thibaut. In May 2001, Mr. Holly moved to set trial, and a pretrial conference was set for June 25, 2001. Thibaut responded by moving to compel Mr. Holly’s responses to discovery propounded in 1995 and also to continue the pre-trial conference as it asserted that discovery was still not complete. On June 14, 2001, the court ordered the June 25, 2001 pre-trial conference continued “without date, and that a new motion not be submitted until all discovery was complete.”
laOn September 16, 2003, Mr. Holly faxed another motion to set for trial to the district court clerk. The accompanying transmission letter indicates that Thibaut’s counsel received a copy. The clerk’s office responded on the same date that Mr. Holly’s fax had been received and noted further that “[t]he original must be filed within five days of receipt.” The record does not reflect that the clerk ever received an original “hard copy” of the motion, thus the motion was never processed.
In April 2005, Mr. Holly moved for a status conference, which was set for April 27, 2005. At the status conference, a pretrial conference was set for September 26, 2005. On May 4, 2005, however, Thibaut filed a motion to dismiss with prejudice on the grounds that Mr. Holly had abandoned the matter. According to Thibaut, Mr. Holly had never followed up the fax filed motion to set of September 16, 2003 with the original, thus, the fax filing had no effect. Thibaut’s memorandum in support noted additionally that its motion to compel had never been heard and no that *1172 formal discovery had been exchanged since June 2001.
Mr. Holly argued that a September 17, 2003 letter by Thibaut’s counsel opposing the motion to set because Mr. Holly had still not produced discovery responses amounted to a “step” by the defense such that Thibaut had waived its right to. claim abandonment by Mr. Holly. The matter was heard in early August 2005 and the court granted Thibaut’s motion, dismissing Mr. Holly’s action without prejudice in written reasons dated August 16, 2005 and an order dated September 6, 2005. Mr. Holly moved for a new trial on the matter and for the dismissal to be set aside, which the court declined to grant in an order dated November 7, 2005. Mr. Holly has appealed.
|4LAW AND ANALYSIS
Abandonment is governed by Louisiana Code of Civil Procedure Article 561, which reads in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years....
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the-manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
LSA-C.C.P. Art. 561
The supreme court has expressed that Article 561 imposes three requirements on plaintiffs engaging in litigation:
First, plaintiffs must take some “step” towards prosecution of their lawsuit. In this context, a “step” is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step.
Clark v. State Farm Mutual Auto Ins. Co., 2000-3010, p. 6 (La.5/15/01), 785 So.2d 779, 784 (footnotes omitted).
In this matter, Mr. Holly asserts that the trial court erred in failing to find that his September 16, 2003 faxed motion to set constituted a step in the process of prosecution of his claim. In its written reasons, the trial court concluded that because Mr. Holly never complied with the requirements of |sLa. R.S. 13:850, which requires a fax filing to be followed up within five days by a signed original document along with any required filing and transmission fees, his fax filing of the motion to set was of no force and effect, and thus could not be considered a step in the prosecution.
- In its extended discussion of abandonment in Clark, the supreme court included sections on both the construction standards and policy considerations attendant in abandonment analysis. From these, it is clear that the intent and substance of a party’s actions matter far more *1173 than technical compliance. In essence, while a filing may not be effective for its stated purpose, it may still amount to a step in prosecution:
[T]he appellate courts have declined to allow form to prevail over substance in determining whether an action has been abandoned. This court has likewise declined to allow suits to be dismissed as abandoned based on technical formalities.
In sum, abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned.
Clark, 2000-3010 at p. 9, 785 So.2d at 786 (quoting Justice (then Judge) Lemmon’s “oft-quoted” statement in Kanuk v. Pohlmann, 338 So.2d 757, 758 (La.App. 4 Cir.1976)) (footnotes omitted).
In footnotes to Clark, the supreme court lists a handful of citations in what it terms uniform jurisprudence in which filings with technical defects have been deemed steps in prosecution. Id., nn. 11-13. The Clark opinion notes further that the purpose underlying Article 561⅛ requirements that steps taken be part of the record is to protect defendants through sufficient notice of a plaintiffs actions. Id. at p. 17, 785 So.2d at 790.
Our review indicates not only that Mr. Holly’s fax filing was received by both the clerk’s office and opposing counsel, but that both the clerk and opposing counsel responded in writing to the fax. Thus, there is no doubt that both the court and Thibaut received sufficient notice that Mr. Holly Ifidearly intended to move his case along and took action to do so. While it is uncontested that Mr. Holly’s faxed motion failed to comply with the requirements of La. R.S. 13:850 and thus could not have been effective as a motion to set, the standards of Article 561 are more liberal and less formulaic. We therefore find that Mr. Holly’s faxed motion to set of September 2003 can be considered a step in prosecution of his action pursuant to Article 561
As the above conclusion renders Mr. Holly’s action not abandoned, we need not address Mr. Holly’s additional assignments of error concerning the trial court’s decision that Thibaut’s counsel’s September 17, 2003 letter, a response in opposition to Mr. Holly’s faxed motion, was neither a step by Thibaut sufficient to halt the tolling of the abandonment time period nor a waiver by Thibaut of its right to claim abandonment. On the first point, however, we note that Thibaut’s September 17, 2003 letter amounted to a step in defense of the case for the same reasons that Mr. Holly’s September 16, 2003 faxed motion amounted to a step in prosecution of the case.
Thibaut’s letter, which was copied to and received by the clerk, protested setting the case for trial until Mr. Holly responded to Thibaut’s pending discovery requests. As discussed above, Article 561 demands consideration of the substance and intent of a party’s action and the extent to which that action is made known to other parties. We recall also the supreme court’s definition of a “step” in Clark: “formal action before the court which is intended to hasten the suit toward judgment.” Clark, 2000-3010 at p. 6, 785 So.2d at 784. Here, Thibaut’s insistence in the September 17, 2003 letter that nothing be done until it received its discovery responses may be viewed as a formal action before the court in which it sought to hasten the 17suit toward judgment by seeking expedited production by Mr. Holly of his discovery responses.
Mr. Holly alleges in the alternative that Thibaut’s September 17, 2003 letter amounted to a waiver of its right to claim abandonment under the jurisprudentially created exception to Article 561 that con *1174 cerns a defendant’s conduct. An otherwise abandoned cause of action may be ineligible for a claim of abandonment, either before or after the three-year period elapses, “when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned.” Clark, 2000-3010 at p. 7, 785 So.2d at 785. The exception is based on the principal of acknowledgment as expressed in Louisiana Civil Code Article 3464.[1] Id. at pp. 12-13, 19-20, 785 So.2d at 788, 791-92 (citing Lima v. Schmidt, 595 So.2d 624, 634 (La.1992)). Waiver analysis differs from step analysis in that matters not within the record and thus not formally before the court may be considered.
The supreme court in Clark noted further that waiver analysis is consistent with the abandonment policy “dictating that courts consider substance over form” and that it is the “qualitative effect of the defendant’s conduct” that matters in waiver analysis, regardless of the form or formality that conduct may take. Id. at pp. 20-21, 785 So.2d at 792-93.
In light of these instructions, we note as to Mr. Holly’s second point that Thibaut’s September 17, 2003 letter opposing Mr. Holly’s motion to set amounts to an acknowledgment of Mr. Holly’s ongoing cause of action and thus a waiver of its right to claim abandonment. It is an action “inconsistent with an intent to treat the case as abandoned.” We conclude thus that the events of September 16th and 17th of 2003, considered either separately or [¿together, show no intention on the part of either party to consider this matter abandoned.
CONCLUSION
For the above and foregoing reasons, we conclude that this matter has not been abandoned. We reverse the September 6, 2005 judgment dismissing Spurgeon Holly, Jr.’s reconventional demand against Thi-baut Oil Co., Inc. The costs of this appeal are assessed equally against Spurgeon Holly, Jr. and Thibaut Oil Co., Inc.
REVERSED.
DOWNING, J., concurs and assigns reasons.

. Article 3464 reads: “Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe.”