ROUBION SHORING COMPANY, LLC AND
ROUBION CONSTRUCTION CO., LLC

VERSUS

CRESCENT SHORING, L.L.C.,
CHRISTOPHER LYTLE, ALAN J. TUCKER &
THOMAS H. O'NEIL

C/W

ROUBION CONSTRUCTION CO., LLC

VERSUS

CATINA CURTIS AND MARVIN CURTIS,
MICHELET PAUL AND OLGATH AUGUSTIN
PAUL, TRENA M. LAFRANCE, YVETTE
HOPKINS AND CORNELIUS HURST,
SABRINA MORRISON AND JAMES L.
POLLARD, CONNIE WALKER AND
GREGORY FRANCIS WILSON, SR., JOYCE
LEGAUX AND GERALD WILLARD
STANFORD, LATOYA HILLS AND SHANE
LAGARDE, SR., AND ROLAND RODNEY

NO. 21-CA-237
C/W
21-CA-238

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 729-195 C/W 737-093, DIVISION "P"
HONORABLE LEE V. FAULKNER, JR., JUDGE PRESIDING

December 22, 2021

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and John J. Molaison, Jr.

<u>**REVERSED AND REMANDED**</u>
 **JGG**
 **SJW**
 **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Lalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
ROUBION CONSTRUCTION CO., LLC
      Kyle Schonekas
      Thomas M. McEachin
      Gwyneth A. O'Neill
      Raymond B. Landry

COUNSEL FOR DEFENDANT/APPELLEE,
ROLAND RODNEY
      Andrea M. Jeanmarie

**GRAVOIS, J.**

Plaintiffs/appellants, Roubion Shoring Co., LLC and Roubion Construction Co., LLC ("Roubion"), appeal the trial court's February 2, 2021 judgment which granted the "*Ex Parte* Motion and Order to Dismiss Plaintiff's Petition and to Remove Lien Due to Abandonment Pursuant to La. C.C.P. art. 561" filed by defendant, Roland Rodney, and dismissed plaintiffs' "Petition to Enforce Liens" against Mr. Rodney.  For the reasons that follow, we reverse the judgment under review and remand this matter to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

The facts of the dealings between the parties are set forth in a prior appeal as follows:

> After Hurricanes Katrina and Rita, Mr. Rodney, along with numerous other local residents, obtained a grant from the Louisiana State Hazard Mitigation Program to elevate his home.  Crescent Shoring, LLC, ("Crescent"), was one of the contractors performing home elevation for homeowners that received grant money to elevate their homes.  On January 30, 2009, Mr. Rodney[1] entered into a contract with Crescent Shoring, LLC, (hereinafter "Crescent"), to elevate his home located at 3125 Keithway Drive, Harvey, Louisiana.  On January 26, 2012, Crescent entered into a contract with Roubion as a subcontractor to assist in performing the work under the contract.  Roubion performed services under the subcontractor agreement and although Crescent was paid for much of the work performed by Roubion, Crescent did not pay Roubion.
>
> On April 4, 2013, Roubion filed and recorded liens against several homeowners, including Mr. Rodney, for services rendered by Roubion in connection with elevating the homes.  On April 3, 2014, Roubion filed a Petition to Enforce Liens against these homeowners, including Mr. Rodney, in a suit bearing 24th Judicial District Court number 737-093.  On August 4, 2014, Mr. Rodney filed Exceptions of No Right of Action, No Cause of Action, and Prescription, Improper Cumulation of Actions, and Failure to Include Indispensable Parties. Before all of these exceptions could be heard,[2] this matter was transferred to another division of the 24th Judicial District Court, where it was consolidated with a suit entitled *Roubion v. Crescent Shoring*, *LLC*, bearing 24th Judicial District Court number 729-195.

---

[1] Other nonaffiliated homeowners also entered into contracts with Crescent to elevate their individual homes.

[2] The Exception of Failure to Include Indispensable Parties was taken up and granted. The State of Louisiana, as the administrator of the Hazard Mitigation Grant Program, was added to the suit, but later dismissed by the grant of its motion for summary judgment.

On December 8, 2015, Mr. Rodney filed a second pleading entitled Exceptions of No Right of Action, No Cause of Action, and Prescription, Improper Cumulation of Actions, and Failure to Include Indispensable Parties. Following a hearing on these motions, in a judgment dated March 16, 2016, the trial court sustained the Exceptions of No Cause of Action, No Right of Action and Prescription, denied the Exception of Improper Cumulation of Actions,[3] and found the Exception of Failure to Include Indispensable Parties to be moot. On March 30, 2016, Roubion filed a Motion for New Trial, arguing that the March 16, 2016 judgment was contrary to law and evidence. Following a hearing, by judgment dated May 18, 2016, the trial court denied the Motion for New Trial. On June 17, 2016, Roubion filed a Motion and Order of Appeal of the May 18, 2016 judgment. The motion was granted that same day.

*Roubion Shoring Co.*, *LLC v. Crescent Shoring*, *L.L.C.*, 16-540 (La. App. 5 Cir. 5/17/17), 222 So.3d 921, 923-24 (footnotes in original).

On May 17, 2017, this Court vacated the judgment sustaining Mr. Rodney's Exceptions of No Cause of Action, No Right of Action, and Prescription and remanded the matter to the trial court for further proceedings. *Id*. at 928. Subsequently, on May 25, 2017, Mr. Rodney filed a Motion for Extension of Time wherein he requested 30 days to file a responsive pleading to Roubion's Petition to Enforce Liens. The trial court granted the extension on May 30, 2017.

While Mr. Rodney's appeal was pending before this Court, on March 28, 2017, Roubion filed an Unopposed Motion to Continue Hearing on the exceptions of no right of action, no cause of action and prescription filed by other codefendant homeowners. The trial court granted the motion and reset the hearing on the exceptions for October 30, 2017. Thereafter, a minute entry for October 30, 2017 states that this hearing was "continued without date per fax letter from [Roubion's counsel] dated October 23, 2017."

---

[3] Although there may be merit to Mr. Rodney's argument that the Exception of Improper Cumulation of Actions should have been granted, Mr. Rodney has not appealed, nor filed an answer to this appeal. Accordingly, the denial of this motion is not before us on this appeal. We note that the judgment relative to Mr. Rodney's motions is not binding on the other defendants in this lawsuit.

On October 22, 2020, Roubion filed into the record discovery propounded to the codefendant homeowners, including Mr. Rodney.

On October 26, 2020, Mr. Rodney filed an "*Ex Parte* Motion and Order to Dismiss Plaintiff's Petition and to Remove Lien Due to Abandonment Pursuant to La. C.C.P. art. 561," alleging that no step had been taken in the matter by either party for more than three years. Attached to the motion was an affidavit from Mr. Rodney's attorney, Rachel Campbell, who attested that she searched the court record and docket of the proceedings and determined that no step had been taken by the plaintiff or defendant in this matter for more than three years.

In response, on January 11, 2021, Roubion filed an opposition to the *ex parte* Motion to Dismiss Due to Abandonment, alleging that three years had not elapsed since the last step in the prosecution of the matter. Roubion attached to its opposition the affidavits of its counsel, Thomas McEachin, and Mr. McEachin's paralegal, Joelle Bailey. Mr. McEachin attested that on October 10, 2017, he contacted Max Chotto, counsel for the codefendant homeowners whose exceptions were being heard on October 30, 2017, to "discuss the logistics of the hearing." On October 18, 2017, Mr. McEachin faxed a copy of this Court's opinion in *Roubion* to Mr. Chotto. Subsequently, on October 23, 2017, Mr. McEachin and Mr. Chotto agreed to reset the October 30, 2017 hearing to "early 2018 for an evidentiary hearing to allow for witness testimony." Attached as an exhibit to the affidavit was the October 23, 2017 letter that was faxed to the trial court judge's chambers. In the letter, Mr. McEachin requested that the October 30, 2017 hearing be reset in early 2018 for an evidentiary hearing as "more time [was] necessary to process the Fifth Circuit Court of Appeal's recent decision which impacts these exceptions." The letter stated that they were instructed by someone in the judge's chambers to send this letter requesting "possible dates in early 2018." The letter also noted that an evidentiary hearing would be required with the testimony of

witnesses. The letter requested hearing dates in January and February and stated that Mr. McEachin would circulate the dates to opposing counsel and let the court know which date worked. Thereafter, after Ms. Bailey was unsuccessful in reaching Mr. Chotto several times, on November 14, 2017, he faxed Mr. Chotto a letter requesting that Mr. Chotto call him to discuss the matter and reschedule the hearing. On or about February 19, 2018, Ms. Bailey informed Mr. McEachin that Mr. Chotto called to discuss this matter, but Mr. McEachin's attempts to reach him were unsuccessful.

Ms. Bailey attested that she contacted the trial judge's chambers on October 23, 2017 regarding the October 30, 2017 hearing. She was advised that the clerk who handled the calendar was out on medical leave, and it was suggested that a letter explaining the need for a continuance and requesting alternative dates be sent to the chambers. On October 25, 2017, she again contacted the court's chambers and was given "some dates for a hearing generally," but it was suggested she call back the following week and speak to "Ms. Kim" for answers to her questions about an evidentiary hearing with witness testimony. She attempted to reach Ms. Kim on October 30, October 31, and November 2, 2017 but was unsuccessful until November 3, 2017, when she was given dates in January and February 2018. She contacted Mr. Chotto's office on November 6, 2017 with the available dates but never got a response. She attempted to contact Mr. Chotto several times after and sent him a letter on November 13, 2017. On February 19, 2018, she received a voicemail from Mr. Chotto asking to discuss the matter.

In its opposition, Roubion argued that based on this procedural history, it is clear that it had no intention of abandoning its claim. It argued that the last formal action taken by a party that intended to hasten this matter to judgment was its request to reset the October 30, 2017 hearing as an evidentiary hearing, which was sent to the court on October 23, 2017 and memorialized in the court minutes on

October 30, 2017. Further, Roubion argued that the steps taken by Roubion against any defendant prevented abandonment as to Mr. Rodney.

Following a hearing on January 19, 2021, the trial court signed a written judgment on February 2, 2021 which granted the Motion to Dismiss Plaintiff's Petition and to Remove Lien Due to Abandonment Pursuant to La. C.C.P. art. 561 and dismissed the Petition to Enforce Liens against Mr. Rodney. In its written reasons for judgment, the trial court found there was no formal action taken for more than three years and no exception to abandonment applied. This timely appeal followed.

On appeal, Roubion argues that its October 23, 2017 request to reset the October 30, 2017 hearing for an evidentiary hearing constituted a "step" in the prosecution. It contends that the October 23, 2017 letter specifically requested dates in January and February 2018 to reset the hearing on the exceptions and also alerted the court that it needed to be set for an evidentiary hearing where testimony would be elicited. Roubion argues that contrary to the court's minute entry, the letter was not a motion to continue without date. Also, Roubion argues that pursuant to Rule 9.8 of the Louisiana District Court Rules,[4] the court needed to set the matter for an evidentiary hearing where testimony would be elicited. Roubion argues it is clear that it had no intention of abandoning its claims and that is shown in its effort to reschedule the October 30, 2017 hearing for an evidentiary hearing given this Court's ruling in *Roubion*. Further, Roubion argues that when it took a step in the prosecution by asking the court to reset the other codefendant

---

[4] Louisiana District Court Rules, Rule 9.8 states, in pertinent part:

    (a) **Contradictory Exceptions and Motions**. All exceptions and motions, including those incorporated into an answer, shall be accompanied by a proposed order requesting that the exception or motion be set for hearing. If the exceptor or mover fails to comply with this requirement, the court may strike the exception or motion, may set the matter for hearing on its own motion, or take other action as the court deems appropriate. To assist the court in scheduling the hearing, the exception or motion, and any opposition thereto, shall state: (1) whether or not the case is set for trial and, if so, the trial date; and (2) whether testimony will be offered at the hearing.

homeowners' hearing on their exceptions, it was effective against all defendants, including Mr. Rodney. Within three years of this action, Roubion then propounded discovery filed in the record, taking an additional step in the prosecution.

## LAW AND ANALYSIS

Louisiana Code of Civil Procedure article 561 provides, in pertinent part:

A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, ...

* * *

(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.

B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

Louisiana Code of Civil Procedure article 561 has been construed as imposing three requirements on plaintiffs. First, plaintiffs must establish that a party took a "step" towards prosecution or defense of the lawsuit. In this context, a "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step. *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010 (La. 5/15/01), 785 So.2d 779, 784.

A step by one party prevents abandonment as to all of the parties, even though they are not solidarily liable. *Delta Dev. Co.*, *Inc. v. Jurgens*, 456 So.2d 145, 146 (La. 1984); *Louisiana Dep't of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C.*, 11-0912 (La. 12/6/11), 79 So. 3d 978, 981.

Abandonment takes place by operation of law. It is self-executing. It occurs automatically upon the passing of three years without a step being taken by either party. It is effective without court order. *Lewis v. Comm'r of Ins. for La.*, 11-347 (La. App. 5 Cir. 12/13/11), 81 So.3d 890, 895. Once abandonment has occurred, action by the plaintiff cannot breathe new life into the suit. *Clark*, 785 So.2d at 789.

Whether an action has been abandoned is a question of law and is therefore subject to *de novo* review on appeal. *Vaughan v. Swift Transp. Co*., 14-208 (La. App. 5 Cir. 10/29/14), 164 So.3d 235, 237.

Abandonment is not a punitive concept; rather, it is a balancing concept. Abandonment balances two equally sound, competing policy considerations: on the one hand, the desire to see every litigant have his day in court, and not to lose same by some technical carelessness or unavoidable delay; on the other hand, the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription. *Clark*, 785 So.2d at 787, citing *Sanders v. Luke*, 92 So.2d 156, 159 (La. App. 1 Cir. 1957).

Louisiana Code of Civil Procedure article 561 is to be liberally construed in favor of maintaining a plaintiff's action, and any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. *Oilfield Heavy Haulers*, 79 So.3d at 981-82. However, while the intention of Article 561 is not to dismiss actions as abandoned based on technicalities, abandonment is warranted where plaintiff's inaction during the three-year period has clearly demonstrated his abandonment of

the action.  *Id*. at 982.  For the purpose of determining abandonment, "the intent and substance of a party's actions matter far more than technical compliance." *Thibaut Oil Co., Inc. v. Holly*, 06-0313 (La. App. 1 Cir. 2/14/07), 961 So.2d 1170, 1172-73.

The October 23, 2017 letter was faxed to the trial judge's chambers and states:

> There are two sets of exceptions filed in the above matter (Docket No 737-093), which are currently set for hearing on Monday, October 30, 2017.  Counsel for movants and respondents agree that more time is necessary to process the Fifth Circuit Court of Appeal's recent decision which impacts these exceptions.  My paralegal spoke with your chambers earlier about alternative dates.  We were instructed to send this letter, requesting possible dates in early 2018.  Also, an evidentiary hearing will be required, with the testimony of a few witnesses.  Can you please provide some alternative dates in January or February?  I will circulate to opposing counsel and then let you know which date works for all counsel.

Mr. Chotto was copied on the letter.  The minute entry for October 30, 2017 states that the codefendant homeowners' exceptions were "continued without date per fax letter from Mr. Thomas McEachin dated October 23, 2017."

Roubion argues that the October 23, 2017 letter requesting that the hearing on the exceptions be reset was a "step" in the prosecution.  Though the October 30, 2017 minute entry states that the hearing on the exceptions was "continued without date," Roubion argues that the minute entry does not accurately reflect what was contained in the letter.  Roubion contends that its actions show it had no intention of abandoning the suit.

Upon *de novo* review, we will first determine if the October 23, 2017 letter was a step in the prosecution or defense of the matter.  This Court has held that motions to continue without date are not considered steps in the prosecution for abandonment purposes.  In *First Bank & Tr. v. Proctor's Cove II, LLC*, 19-299, (La. App. 5 Cir. 12/30/19), 287 So.3d 888, 897, a minute entry stated that the plaintiff's counsel sent a letter continuing the hearing on motions for summary

judgment without date. The letter was not included in the appellate record. This Court found that the continuance was not a step that interrupted the three-year abandonment period. *Id*. Also, in *Bourg v. Entergy Louisiana, LLC*, 12-829 (La. App. 5 Cir. 4/10/13), 115 So.3d 45, 47, *writ denied*, 13-1064 (La. 6/21/13), 118 So.3d 421, the defendant called the trial court to continue without date the hearing on a motion for summary judgment. The call was evidenced in a minute entry. This Court found that this was not a step to bring the suit to conclusion. *Id*. at 49. The court determined that continuing the hearing on a motion for summary judgment, without date, does not further the suit towards judgment, and thus does not qualify as a "step" to interrupt the accrual of the abandonment period.[5] *Id*.

The present case is distinguishable from these prior cases since in those cases, the motions to continue were without date or indefinitely. In the present case, the letter sent prior to the hearing date noted that per the request of the trial judge's chambers, Roubion was sending the letter to obtain dates in early 2018, specifically in January and February of 2018. Once it was given dates by the court, it would consult opposing counsel and confirm a new hearing date. Further, Roubion informed the court that an evidentiary hearing was required where witnesses would testify. Considering these details, we find that the October 23, 2017 letter requesting to reset the hearing evidences Roubion's intent to hasten the suit to judgment.[6] Thus, we find it was a step in the prosecution of the action.

The second requirement to avoid abandonment is that the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the

_____

[5] *See also Hutchison v. Seariver Mar., Inc.*, 09-0410 (La. App. 1 Cir. 9/11/09), 22 So.3d 989, 994, *writ denied*, 09-2216 (La. 12/18/09), 23 So.3d 946 (A joint motion to continue without date or indefinitely is not considered a step in the prosecution of a case, since by its very nature, an indefinite continuance is not intended to hasten the matter to judgment.).

[6] *See also Hinds v. Glob. Int'l Marine, Inc.*, 10-1452 (La. App. 1 Cir. 2/11/11), 57 So.3d 1181, 1183-84, where as part of its analysis to determine the last step in the action, the court determined that an unopposed motion to continue that requested that the hearing be "continued and reset for a date and time convenient to this court," with accompanying order, was a "step" in the prosecution.

21-CA-237 C/W 21-CA-238                    9

record of the suit. *Clark*, 785 So.2d at 784. The rule requiring a party's action be on the record is designed to protect a defendant. The rule is intended to ensure notice to the defendant of actions taken that interrupt abandonment. *Id.* at 790. Otherwise, actions interrupting abandonment could occur without opposing parties formally learning of them for months or years, to their possible prejudice. *Id.*

Nonetheless, abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned. *Clark*, 785 So.2d at 786. In *Hargis ex rel. Krey v. Jefferson Parish*, 99-0971 (La. App. 4 Cir. 12/8/99), 748 So.2d 606, the plaintiffs sent a letter to the clerk of the Civil District Court requesting service on the defendants and included payment of the service fee. The letter was not filed in the record. The Fourth Circuit found that the letter did not constitute a formal step in the prosecution so as to prevent abandonment under La. C.C.P. art. 561. Upon review, the Louisiana Supreme Court reversed the judgment dismissing the plaintiffs' suit on the ground of abandonment and remanded the matter to the trial court for further proceedings. *Hargis v. Jefferson Parish*, 00-0072 (La. 3/17/00), 755 So.2d 891.[7] Considering the liberal interpretation of La. C.C.P. art. 561 in favor of maintaining a plaintiff's action and that abandonment is not meant to dismiss actions on mere technicalities, we find that, although the letter from Roubion's counsel was not filed in the record, the minute entry in the record noticed both the letter and the continuance of the hearing. Further, though the court stated in the minute entry that the letter requested a motion to continue without date, as previously noted, the letter in fact did not request a motion to continue without date, but rather requested that the hearings be reset in early 2018.

---

[7] *See also Zion v. Stockfieth*, 616 So.2d 1373 (La. App. 5 Cir.), *writs denied*, 620 So.2d 882 (La. 1993).

Regarding the third *Clark* requirement, on October 22, 2020, Roubion propounded discovery to the codefendant homeowners and filed the discovery in the record, within three years of the October 23, 2017 letter. Therefore, we find the October 23, 2017 letter satisfies the requirements of *Clark*.

Finally, as previously noted, a step by one party prevents abandonment as to all of the parties, even though they are not solidarily liable. *Delta Dev. Co., Inc. v. Jurgens*, 456 So.2d 145, 146 (La. 1984). *See also Bibeau v. Forest Manor Nursing Home*, 05-0181 (La. App. 4 Cir. 8/18/05), 917 So.2d 1123.

Because we find that the October 23, 2017 letter was a step in the prosecution and the parties were put on notice of the letter with the October 30, 2017 minute entry, we find that it served to prevent abandonment as to any defendant, including Mr. Rodney.

Considering that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiff's action and that any doubt as to abandonment is to be construed in favor of maintaining a plaintiff's action, we find that Roubion's October 23, 2017 letter to the trial court was a step in the prosecution intended to hasten the matter to judgment. Discovery was filed into the record on October 22, 2020, within three years of the letter. Accordingly, we find that the trial court erred in dismissing the matter as abandoned.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court granting the motion to dismiss plaintiff's petition and to remove lien due to abandonment pursuant to La. C.C.P. art. 561 is reversed. This matter is remanded to the trial court for further proceedings.

**REVERSED AND REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 22, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 21-CA-237
**C/W 21-CA-238**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. LEE V. FAULKNER, JR. (DISTRICT JUDGE)
GWYNETH A. O'NEILL (APPELLANT)     THOMAS M. MCEACHIN (APPELLANT)         ANDREA M. JEANMARIE (APPELLEE)

**MAILED**
RAYMOND B. LANDRY (APPELLANT)       KYLE SCHONEKAS (APPELLANT)
ATTORNEY AT LAW                     ATTORNEY AT LAW
2341 METAIRIE ROAD                  909 POYDRAS STREET
METAIRIE, LA 70001                  SUITE 1600
                                    NEW ORLEANS, LA 70112