# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 26-60


AMANDA HEBERT AND

BLANDON RICHARD

VERSUS

RUTH HEBERT AND

REPWEST INSURANCE COMPANY


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 104615
HONORABLE VALERIE GOTCH GARRETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

### SHANNON J. GREMILLION
### JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Jonathan W. Perry, and Guy E. Bradberry, Judges.


**REVERSED.**

**Christopher J. Alfieri**
**Oscar M. Gwin IV**
**Christovich & Kearney, LLP**
**601 Poydras Street, Suite 2300**
**New Orleans, LA 70130-6078**
**(504) 561-5700**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **U-Haul of Louisiana, Inc.**

**Charles Brandt**
**Brandt & Sherman, L.L.P.**
**111 Mercury Street**
**Lafayette, LA 70503**
**(337) 800-4000**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Blandon Richard**

**GREMILLION, Judge.**

U-Haul of Louisiana, Inc., appeals the August 4, 2025, judgment of the trial court that annulled its previous January 19, 2024, judgment of dismissal against Blandon Richard. For the reasons that follow, we reverse.

### FACTS AND PROCEDURAL POSTURE

On February 16, 2018, plaintiff and Amanda Hebert (Amanda) filed suit against Ruth Hebert (Ruth) and Repwest Insurance Company, asserting claims for injuries allegedly sustained in a one-vehicle accident that occurred on January 8, 2018. Ruth was allegedly driving a U-Haul E350 van owned by U-Haul Company of Arizona when she swerved to avoid hitting an animal and lost control of the vehicle, which careened into a ditch.

On June 12, 2018, U-Haul Co. of Louisiana "(improperly named in the Petition for Damages as 'Repwest Insurance Company' and hereinafter referred to as 'UHLA')," answered the petition. This answer generally denied the allegations in the petition for damages.

UHLA filed notices of depositions of Amanda Hebert and plaintiff on February 6, 2019. These depositions were re-noticed on February 12, 2019. On February 13, 2019, plaintiff's counsel noticed Ruth's deposition for March 12, 2019, the same day as the depositions of Amanda and plaintiff. UHLA subpoenaed Amanda for this deposition.

Amanda and plaintiff amended their petition on March 18, 2019, to add UHLA as a defendant and to assert that UHLA had sold a liability policy to Ruth. UHLA answered the amended petition on April 12, 2019.

On November 8, 2019, UHLA moved to dismiss Amanda's claims for failure to respond to written discovery or to appear at her deposition. The trial court fixed

this motion for hearing on February 3, 2020. The trial court compelled Amanda to respond to discovery and appear for her deposition. On May 11, 2020, UHLA filed a motion to dismiss Amanda's claims for failure to comply with the trial court's order. This was fixed for hearing before the trial court on May 11, 2020, and Amanda's counsel waived his appearance at the hearing. The trial court signed a judgment dismissing Amanda from the suit on July 6, 2020.

UHLA substituted counsel of record on June 23, 2020. Until February 24, 2022, nothing further happened of record. On that date, plaintiff moved to set the case for trial. The motion and order indicated that it had been forwarded to all counsel of record. The trial court denied the motion, as it determined that the case was not ready for trial. Plaintiff moved again for a trial fixing on May 23, 2023, and was again denied a fixing.[1] This motion, too, indicated that it had been served on all counsel of record.

On December 19, 2023, UHLA filed an ex parte motion to dismiss the case on the grounds that plaintiff had failed to take any action since May 11, 2020. UHLA attached the May 23, 2023 motion to fix the matter for trial to its ex parte motion, but not the February 24, 2022 motion. The trial court granted the motion to dismiss on January 19, 2024. Plaintiff was served with the judgment on February 27, 2024.

Plaintiff filed a "Motion for Annulment of Judgment" on January 16, 2025, in which he asserted that the January 19, 2024 judgment was obtained through "inaccurate and false representation of Plaintiff's prosecution of the action and, without the opportunity for Plaintiff to present to the Court objections and evidence to the contrary[.]" In his memorandum, plaintiff argued that the February 24, 2022

---

[1] Ruth has never answered the suit. *See* La.Dist.Ct.R. 9.14, App. 9.14.

motion to fix the matter for trial constituted steps in the prosecution of the case, rendering the dismissal null.

UHLA filed a response to plaintiff's motion and asserted that the motion was precluded by operation of La.Code Civ.P. art. 2004(B). It also pointed out that plaintiff could have opposed the motion but chose not to. Plaintiff, pursuant to La.Code Civ.P. art. 561(A)(3), could have moved to set the judgment aside. UHLA asserted that it was never served with the February 24, 2022 motion. In a supplemental filing, UHLA pointed out that plaintiff's inaction during the relevant period was probably explained by his October 19, 2020 plea bargain entered before the United States District Court for the Western District of Louisiana, Lafayette Division, under which Richard pleaded guilty to conspiracy to distribute heroin and was sentenced to ninety months imprisonment. Plaintiff was granted three years' supervised release on January 3, 2025.

Plaintiff's motion was heard on July 21, 2025. In rather perfunctory fashion, plaintiff argued that the February 24, 2022 motion constituted a step in the prosecution of the action. UHLA argued that it was never served and that plaintiff was afforded ample, procedurally appropriate means of setting the dismissal aside, yet waited until almost a year had passed.

The trial court determined that pursuant to La.Code Civ.P. art. 2004, the dismissal was obtained by fraud or ill practices, to wit, not checking the record to determine whether any steps had been taken by plaintiff prior to filing the ex parte motion. The trial court did not, however, inquire as to whether a procedurally defective motion to fix for trial constitutes a step in the prosecution of the action.[2]

---

[2] We parenthetically note that plaintiff's brief makes much of the fact that UHLA's attorney attested in his affidavit that "By looking at the court record from May 11, 2020 to May

3

By judgment dated August 8, 2025, the trial court annulled its judgment of dismissal.

UHLA then appealed devolutively.

## ASSIGNMENTS OF ERROR

UHLA assigns the following as errors of the trial court:

1. The Trial Court erred and abused its discretion by granting Plaintiff Blandon Richard's Motion for Annulment of Judgment, wherein the Trial Court annulled its own prior Order finding that Mr. Richard's personal injury suit was legally abandoned under La. C.C.P. art. 561.

2. The Trial Court erred and abused its discretion by countenancing an unserved, procedurally defective Motion to Set for Trial filed by an out of state federal inmate as a filing capable of interrupting the running of three-year legal abandonment in a Louisiana civil suit.

3. The Trial Court erred and abused its discretion by granting Plaintiff Blandon Richard's Motion for Annulment of Judgment when Mr. Richard had failed to oppose, move to set aside, or timely appeal the Trial Court's prior Order dismissing the suit as legally abandoned.

4. The Trial Court erred and abused its discretion by granting Plaintiff Blandon Richard's Motion for Annulment of Judgment which annulled the Trial Court's own prior Order of dismissal, where the purported La. C.C.P. art. 2004 "fraud or ill practice" made the basis of the Motion, and the failure to remedy same, were attributable to Mr. Richard's own fault and inaction, who was not deprived of any legal rights.

5. The Trial Court erred and abused its discretion by granting Plaintiff Blandon Richard's Motion for Annulment of Judgment which annulled the Trial Court's own prior Order of dismissal, where the Motion was not brought within one year of the discovery by Mr. Richard of the purported "fraud or ill practice" made the basis of the Motion, as contemplated by La. C.C.P. art. 2004(B).

---

11, 2023 there is indeed no activity of record by any party during this time." Plaintiff concludes that the trial court realized it had been misled and ordered annulment of the dismissal. To this court, it seems likely that counsel for UHLA relied on having received everything that had been filed in the record. The record discloses that the February 24, 2022 motion contained a certificate of service executed by plaintiff's counsel, yet it was never received by UHLA, which plaintiff does not contest in brief. While it does not bear on this decision, properly serving UHLA with the February 22, 2022 motion probably would have prevented the case from arriving before this Court in its current posture.

4

# DISCUSSION

Abandonment of actions is governed by La.Code Civ.P. art. 561, which reads, in pertinent part:

A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:

(a) Which has been opened;

(b) In which an administrator or executor has been appointed; or

(c) In which a testament has been probated.

(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit that states that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314 and shall execute a return pursuant to Article 1292.

(3) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).

(4) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk's mailing of the order of denial.

B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

Article 561 balances the

conflict between two sound policies: on the one hand, the desire to see every litigant have his day in court, and not to lose same by some technical carelessness or unavoidable delay; on the other hand, the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription.

*Sanders v. Luke*, 92 So.2d 156, 159 (La.App. 1 Cir. 1957). These two policies have been deemed "equally sound." *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010, p. 10 (La. 5/15/01), 785 So.2d 779, 787. "The jurisprudence has uniformly held that La. C. Civ. Pro. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit." *Id*. at 785.

"A 'step' is a formal action before the court intended to hasten the suit towards judgment or is the taking of formal discovery." *Louisiana Dep't of Transp. & Dev. v. Oilfield Heavy Haulers, L.L.C.*, 11-912, p. 5 (La. 12/6/11), 79 So.3d 978, 981.

This particular case poses a couple of problems. First, was the motion by plaintiff to fix for trial a step in the prosecution of the case? Second, is the remedy afforded by La.Code Civ.P. art. 2004 appropriate under the circumstances of this case?

The only steps taken by plaintiff in the years between May 11, 2020, and UHLA's motion were the denied requests for a trial fixing.[3] In *Parson v. Daigle*, 96-2569 (La.App. 1 Cir. 12/29/97), 708 So.2d 746, the plaintiff filed a motion to fix a trial date. That motion, however, failed to comply with local court rules and was returned. No attempt was made to bring that motion into conformity. Thus, because

---

[3] UHLA's motion to substitute counsel.

Louisiana law is consistent in holding that a change of counsel via withdrawal, substitution, or enrollment is not considered a step under La.Code Civ.P. art. 561. *See Chevron Oil Co. v. Traigle,* 436 So.2d 530 (La.1983); *Bertrand v. State ex rel. Dept. of Transp. and Dev.,* 02–1163 (La.App. 3 Cir. 2/5/03), 838 So.2d 136, *writ denied,* 03–634 (La.5/2/03), 842 So.2d 1105; *Satterthwaite v. Byais,* 05–10 (La.App. 1 Cir. 7/26/06), 943 So.2d 390; *Morgan v. Hopkins,* 36,506 (La.App. 2 Cir. 10/23/02), 830 So.2d 459, *writ denied,* 02–2866 (La.1/31/03), 836 So.2d 71; *Varnado v. Gentilly Med. Clinic for Women,* 98–264 (La.App. 4 Cir. 12/23/98), 728 So.2d 479, *writ denied,* 99–146 (La.3/19/99), 740 So.2d 113.

*Brown v. Sutherland Lumber, Inc.*, 10-469, p. 4 (La.App. 3 Cir. 11/3/10), 53 So.3d 477, 480, *writ denied*, 11-0411 (La. 4/8/11), 61 So.3d 690

it did not appear in the record, our colleagues on the first circuit deemed it to not be a step in the prosecution. The opposite tack was taken by our colleagues on the fifth circuit in *Zion v. Stockfeith*, 616 So.2d 1373 (La.App. 5 Cir.), *writs denied*, 620 So.2d 882 (La.1993), in which a motion to fix for trial was returned because the plaintiff was overdue in paying court costs; thus, the motion did not appear in the record. The fifth circuit nonetheless found that filing the motion constituted a step in the prosecution of the case. The jurisprudence, then, does not presume that motions to fix for trial are *per se* steps in the prosecution.

In the present matter, Ruth never answered the suit. She was never dismissed from the suit. All issues in the matter had not "been joined." Louisiana Code of Civil Procedure Article 1571(A) provides (emphasis added):

> A. (1) The district courts shall prescribe the procedure for assigning cases for trial, by rules which shall:
>
> (a) Require adequate notice of trial to all parties; and
>
> (b) Prescribe the order of preference in accordance with law.
>
> (2) *These rules shall not allow the assignment of ordinary proceedings for trial except after answer filed.*

In keeping with the dictates of Article 1571, the district courts have promulgated rules governing setting cases for trial. Appendix 9.14 to the Rules for Louisiana District Courts and Juvenile Courts and Louisiana Family Law Proceedings contains a rule for the fixing of matters before the Fifteenth Judicial District Court. Paragraph (A) of that rule reads (emphasis added):

> A. Matters may be fixed for trial or hearings on oral or written motion made in Open Court or in chambers; *provided, however, that no motion to fix for trial may be made or filed until 120 days after issue has been joined (with all parties)*. Return dates for rules nisi shall be fixed by the Court in accordance with law.

The motion to fix this matter for trial failed to comply with the Fifteenth Judicial District Court's rules. Requesting a trial date while a party had not answered the suit violated the rule. As the trial court's denial of the February 2022 motion indicated, the matter was "**NOT READY FOR TRIAL**."

Plaintiff argues that the motion to fix for trial need only meet a three-part test as enunciated in *James v. Formosa Plastics Corp. of La.*, 01-2056 (La. 4/3/02), 813 So.2d 335, to qualify as a "step" in the prosecution of the case. The court in *James* said:

> Article 561 requires three things: (1) that a party take some "step" in the prosecution or defense of the action; (2) that it be done in the trial court and, with the exception of formal discovery, on the record of the suit; and (3) that it be taken within three years of the last step taken by either party. *Clark v. State Farm Mut. Auto. Ins. Co.,* 00–3010 (La.5/15/01), 785 So.2d 779; *Chevron Oil Co. v. Traigle,* 436 So.2d 530 (La.1983).

*Id*. at 338. In the very next paragraph, though it also stated (emphasis added), "A party takes a "step" in the prosecution or defense of an action when he takes formal action before the court *intended to hasten the matter to judgment*, or when he takes a deposition with or without formal notice." *Id*. A vain and useless act, such as moving for a trial fixing before all issues have been joined, cannot constitute a "formal action before the court intended to hasten the matter to judgment." The trial court lacked authority to set a trial date in the matter.

Plaintiff argues, "A motion to set a case for trial is, by its nature, a formal request that the court move the matter forward toward adjudication on the merits." In principle, we agree with plaintiff; we disagree in application. Plaintiff cites *Thibaut Oil Co. v. Holly*, 06-313 (La.App. 1 Cir. 2/14/07), 961 So.2d 1170, for the proposition that filing even a letter requesting a trial date can constitute a step in the

8

prosecution. The facts in this matter are distinct from *Holly*. The prime distinction is that the trial court in *Holly* could actually fix the matter for trial.

And there were steps plaintiff could have taken to hasten the matter toward adjudication which would have simultaneously constituted a step in the prosecution and enabled the trial court to fix a trial date. Like entering a default against Ruth, which would have been a "one-stone" solution.

The ex parte motion was served on plaintiff's counsel by UHLA's counsel. The judgment of dismissal was served on plaintiff on February 27, 2024. Plaintiff's contention that, "The Motion for Annulment was the first procedural vehicle that allowed a contradictory hearing on whether abandonment had in fact accrued[]" is simply incorrect. The first procedural vehicle that allowed this is set forth in La.Code Civ.P. art. 561(A)(3) pursuant to which plaintiff had thirty days to file a motion to set the judgment aside. He had sixty days to appeal the judgment under La.Code Civ.P. art. 561(A)(4). Had he moved to set the judgment aside, he would have had sixty days from the clerk's mailing of the denial. *Id*. Plaintiff did not move to set the judgment aside. He did not appeal the judgment.

Annulling a judgment represents an extraordinary procedural remedy. Louisiana Code of Civil Procedure Article 2004 governs annulment of judgments and reads:

> A. A final judgment obtained by fraud or ill practices may be annulled.
>
> B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
>
> C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.

Our jurisprudence sets forth two criteria to determine whether a judgment has been obtained by actionable fraud or ill practices: (1) when the circumstances under which the judgment was rendered show the deprivation of legal rights of the litigant who seeks relief, and (2) when the enforcement of the judgment would be unconscionable and inequitable.

Application of Article 2004:

is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable.

*Id.*

It is imperative that courts review a petition for nullity closely as an action for nullity based on fraud or ill practices is not intended as a substitute for an appeal or as a second chance to prove a claim that was previously denied for failure of proof. The purpose of an action for nullity is to prevent injustice which cannot be corrected through new trials and appeals.

*Belle Pass Terminal, Inc. v. Jolin, Inc.*, 01-149, p. 5 (La. 10/16/01), 800 So.2d 762, 766, *on reh'g in part* (12/7/01). Indeed, the jurisprudence interpreting La.Code Civ.P. art. 2004 consistently emphasizes the extraordinary nature of the remedy it supplies. One does not have an option, when served with a dismissal pursuant to La.Code Civ.P. art. 561, between moving to set the judgment aside or seeking its annulment under La.Code Civ.P. art. 2004. The latter remedy is reserved for matters in which a party has been deprived of the opportunity to set the judgment aside or appeal it.

In argument before the trial court, counsel for plaintiff was asked whether he was served with the judgment of dismissal. He answered in the affirmative. He continued: "That was, like, in February of 2024. And I filed my motion for annulment well within the one year, from the time I was made aware that the

10

judgment had been signed." Plaintiff was made aware that the matter had been dismissed shortly after the judgment was entered, and the deadlines for setting the judgment aside did not commence until he was made aware of that judgment. La.Code Civ.P. art. 561(A)(3).

It is clear from the record that nothing was raised during the motion to annul the judgment that could not have been raised in a motion to set the judgment aside, which should have been filed by March 26, 2024, thirty days after plaintiff was served with the dismissal. We struggle to see how plaintiff was deprived of his right to set the dismissal aside through the ordinary means prescribed in La.Code Civ.P. art. 561(A)(3) and (4). And we find that he was not.

Accordingly, there was no "injustice which [could not] be corrected through new trials and appeals." *Belle Pass*, 800 So.2d at 766. Extraordinary processes and remedies are employed in extraordinary circumstances. This circumstance is unextraordinary.

## CONCLUSION

The trial court lacked authority to set the matter for trial and properly recognized that it lacked that authority. It follows, then, that a motion to set the matter for trial while answers were pending from a named defendant cannot constitute a step in the prosecution of the matter. Even if it were, plaintiff's remedy was to timely file a motion to set aside as provided in La.Code Civ.P. art. 561. The judgment of the trial court is reversed. All costs of this appeal are taxed to plaintiff/appellant, Blandon Richard.

**REVERSED.**

11